Floyd FREEMAN, Plaintiff,

v.

Anthony VICCHIARELLI, Defendant.

Civ. No. 93–479 (SSB).

United States District Court,
D. New Jersey,
Camden Vicinage.

June 24, 1993.

Alan M. Lands, Pleasantville, NJ, for plaintiff, Floyd Freeman.

Dennis M. Tuohy, Tuohy & Tuohy, Atlantic City, NJ, for defendant, Anthony Vicchiarelli.

ROSEN, United States Magistrate Judge.

The issue pending before me today involves the application of New Jersey's Rule

of Professional Conduct 3.7 (hereinafter RPC 3.7). The Defendant moves to disqualify Plaintiff's counsel, Mr. Alan Lands, because it is likely that Mr. Lands will testify at trial. Having considered the written submissions and oral arguments of the parties and for the reasons discussed below, the Defendant's motion must be granted.

I. *Procedural and Factual Background*

Mr. Freeman filed a complaint for malicious prosecution and infringement of his constitutional right to due process in the Atlantic County Superior Court on February 1, 1993. Mr. Vicchiarelli answered and removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(d) on February 17, 1993. On March 1, 1993, Defendant filed the present motion to disqualify Plaintiff's counsel, Mr. Lands, on the grounds that Mr. Lands is a necessary witness at trial. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331.

There are significant disputes as to the facts of the case before me today. On January 23, 1990, Mr. Freeman was a passenger in an automobile that was involved in an accident on Route 30 in Atlantic City. After the accident, Mr. Vicchiarelli, a police officer employed by the City of Atlantic City, issued citations for four moving vehicle violations against Mr. Freeman. Later, on January 29, 1990, Officer Vicchiarelli issued a summons and citations for two moving vehicle violations against Mr. Tyrone Daniels, who Mr. Freeman contends was the operator of the vehicle in which he was riding.

On March 22, 1991, Mr. Freeman appeared at the Atlantic City Municipal Court with Mr. Lands, his attorney then and his attorney in this action, where both participated in a probable cause hearing. Prior to the probable cause hearing, Mr. Lands had a conference with Officer Vicchiarelli and the Assistant Municipal Prosecutor, Ms. Martha Donovan; the substance of this meeting is the heart of Mr. Freeman's current complaint. Mr. Freeman alleges that during the pre-hearing conference, Assistant Prosecutor Donovan stated to Mr. Lands that the charges against Mr. Freeman were mistaken and would be dropped, but that Mr. Freeman

must first complete a release form. Mr. Freeman refused to complete the form, which required him to admit that Officer Vicchiarelli had acted with probable cause in issuing the violations. Mr. Freeman further contends that Officer Vicchiarelli and Assistant Prosecutor Donovan threatened to initiate a probable cause hearing if Mr. Freeman would not sign the form. Finally, Mr. Freeman claims that because he continued to refuse to sign the form, Officer Vicchiarelli and Assistant Prosecutor Donovan initiated the probable cause hearing in an attempt to shield Officer Vicchiarelli from potential future liability. Mr. Freeman argues that the probable cause hearing constitutes malicious prosecution and an infringement of his constitutional right to due process. Mr. Freeman's only direct evidence of these claims are the alleged statements made during the conference between Officer Vicchiarelli, Assistant Prosecutor Donovan, and Mr. Lands, as witnessed by Mr. Lands; Mr. Freeman was not present at the conference.

Officer Vicchiarelli denies Mr. Freeman's version of the pre-hearing conference and asserts that he and Assistant Prosecutor Donovan never stated in conference that the charges against Mr. Freeman were mistaken. Officer Vicchiarelli denies that he or Assistant Prosecutor Donovan conditioned dropping charges against Mr. Freeman on the completion of the form. Officer Vicchiarelli also denies that he made statements threatening to retaliate against Mr. Freeman with a probable cause hearing if he did not complete the form. The defense offers as evidence, inter alia, a deposed statement from Assistant Prosecutor Donovan contradicting Mr. Lands' version of the pre-hearing conference.

II. *Discussion of Law*

A. Plaintiff's attorney should be disqualified because he is "likely to be a necessary witness" in contemplated litigation.

General Rule 6A of the General Rules for the United States District Court Rules for the District of New Jersey (hereinafter General Rule 6A) provides that

[t]he Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by federal statute, regulation, court rule or decision of law.

Because the United States District Court for the District of New Jersey follows the Rules of Professional Conduct as promulgated by the New Jersey Supreme Court, the construction given those rules by the New Jersey Supreme Court is controlling. *See* General Rule 6A, Comment 1. If the New Jersey Supreme Court has given no definitive interpretation of a particular ethical rule "the federal Court will proceed to reach its own conclusion as to the appropriate application of the Rules of Professional Conduct." *Id.*

In this case, none of the arguments made by Plaintiff's attorney for the proper application of RPC 3.7 have been directly addressed by the New Jersey Supreme Court. In reaching my decision in this case, I will try to harmonize my reading of RPC 3.7 with decisions by the New Jersey Supreme Court and by the United States District Court for the District of New Jersey regarding the application of prior versions of the attorney-witness rule.[1]

RPC 3.7 provides in relevant part that

(a) a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

The attorney-witness rule operates both during a trial and during pre-trial discovery and negotiations. Advisory Committee on Professional Ethics *Opinion No. 233*, 95 N.J.L.J. 206–207, (1972) (construing New Jersey DR 5–101 and 5–102) (Advisory Committee appointed by the New Jersey Supreme Court pursuant to the New Jersey Rules of Court Rule 1:19), *quoting* ABA Model Code of Professional Responsibility EC 5–10; *see also In the Matter of Cadillac V8–6–4 Class Action*, 93 N.J. 412, 440, 461 A.2d 736 (1983) (construing New Jersey DR 5–102). Once counsel recognizes that opposing counsel is "likely to be a necessary witness," a motion to disqualify opposing counsel should be filed. In addition, the right to move for disqualification may be waived if it is not exercised in a timely manner. *Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1115–16 (D.N.J. 1993); *Commonwealth Ins. Co. v. Graphix Hot Line Inc.*, 808 F.Supp. 1200, 1208 (E.D.Pa.1992); *INA Underwriters Ins. Co. v. Nalibotsky*, 594 F.Supp. 1199, 1204 (E.D.Pa.1984).

Plaintiff argues that Mr. Lands is not a "necessary witness" under RPC 3.7 because it is not yet certain that he will be called to testify at trial. Next, Plaintiff argues that RPC 3.7 only prohibits an attorney from serving dual roles at the trial itself; Plaintiff argues that RPC 3.7 does not require disqualification at this early stage of the proceedings. Defendant disagrees with Plaintiff's reading of the rule and contends that Mr. Lands must be disqualified.

Plaintiff's first contention, that Mr. Lands is not "a necessary witness," is based on an impermissible construction of RPC 3.7. Although neither Plaintiff nor Defendant have stated that Mr. Lands will be called as a witness, RPC 3.7 does not require certainty as to a lawyer's testimony; the plain language of RPC 3.7 requires only "likelihood." In this case, it is more than likely that Mr.

---

1. The Rules of Professional Conduct, of which RPC 3.7 is a part, "delete" the previous Disciplinary Rules of the Code of Professional Responsibility pursuant to New Jersey Rules of Court Rule 1:14; the New Jersey Supreme Court adopted the RPC on September 10, 1984. Between July 7, 1971 and September 10, 1984, DR 5–101(B) DR 5–102(A), and DR 5–102(B) of the Disciplinary Rules of the Code of Professional Responsibility governed situations in which an attorney may need to appear as a witness at trial. I will draw on materials interpreting the Disciplinary Rules for guidance when there is no prior ruling addressing the issue in question under RPC 3.7.

Lands will be a necessary witness. His testimony regarding the substance of the conversation in conference with Officer Vicchiarelli and Assistant Prosecutor Donovan is the primary evidence in this case. Plaintiff needs Mr. Lands' testimony to establish any unlawfulness in Defendant's pursuit of the probable cause hearing. As the complaint presently stands, it is hard to imagine how Plaintiff's claim can succeed without Mr. Lands' testimony.

Plaintiff's second contention, that the attorney-witness rule only operates once the trial has commenced, misstates the scope of RPC 3.7. Because the language of RPC 3.7 on its face prohibits an attorney from acting in dual capacities at trial, Plaintiff argues that Mr. Lands should be allowed to continue to serve as Plaintiff's attorney prior to the trial. Though this argument is based upon a reasonable construction of the language of RPC 3.7, close examination of the case law and policies regarding the attorney-witness rule reveal that the attorney-witness rule begins to operate as soon as either attorney realizes that a possible conflict may arise.

Plaintiff cites *State v. Tanksley*, 245 N.J.Super. 390, 585 A.2d 973 (App.Div.1991), and *United States v. Fogel*, 901 F.2d 23 (4th Cir.1990) in support of his construction of RPC 3.7; Plaintiff's interpretation of both cases as applied to RPC 3.7 is incorrect. Both *Tanksley* and *Fogel* hold that an advocate's competence as a witness is not as a matter of law impaired by his appearance as an advocate at trial. Although both cases involve attorneys who acted both as witness and counsel at trial, neither case reaches the question of whether or not the attorney's choice to continue as advocate was ethical; both *Tanksley* and *Fogel* are concerned only with the admissibility of evidence offered by an advocate.

I know of no case in which the New Jersey Supreme Court directly addresses the question of whether the attorney-witness rule in its most recent incarnation (RPC 3.7) operates only at the trial stage.[2] Historically, New Jersey Courts have consistently held that the rule begins to operate as soon as the attorney knows or believes that he will be a witness at trial. *See In the Matter of Cadillac V8–6–4 Class Action*, 93 N.J. 412, 461 A.2d 736 (1983) (construing New Jersey DR 5–101 and DR 5–102).[3] The attorney-witness takes effect before an attorney decides to accept employment from a client. Once an attorney recognizes that he is "likely" to be a witness in litigation, he must choose whether he will proceed as advocate or witness; he may not choose both. *Id.*, at 440, 461 A.2d 736. *See Also United States v. Prantil*, 764 F.2d 548, 553 (9th Cir.1985).

Finally, a party may inadvertently waive the right to move for disqualification if that party fails to move in a timely manner. *Alexander v. Primerica Holdings Inc.*, 822 F.Supp. 1099, 1115–16 (D.N.J.1993). Courts encourage litigants to move to disqualify as soon as they recognize ethical conflicts; this practice discourages strategic procedural be-

**2.** Unlike RPC 3.7, the plain language of DR 5–102(A) was clear regarding this issue. DR 5–102(A) provides that

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or believes that he or a lawyer in his firm ought to be called as a witness on behalf of his client shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue in the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

Though RPC 3.7 does not directly address this issue, insofar as the policies underlying RPC 3.7 are the same as those underlying DR 5–102, the operation of the rule should be the same. The Advisory Committee on Professional Ethics has indicated that the same considerations which governed DR 5–102 also govern RPC 3.7. *Opinion No. 630*, 124 N.J.L.J. 906, 926 (1989). The

Committee found that the desire to protect the attorney's client and the attorney's opponent from undue prejudice is and always has been the driving force behind the attorney-witness rule. *Id.* at 926.

**3.** As early as 1972, the Advisory Committee on Professional Ethics indicated that the attorney-witness rule operates before trial. "Problems incident to the lawyer-witness relationship arise at different stages; they relate either to whether a lawyer should accept employment or should withdraw from employment. Regardless of when the problem arises, his decision is to be guided by the same basic considerations." Advisory Committee on Professional Ethics *Opinion No. 233*, 95 N.J.L.J. 206–207 (1972), *quoting* ABA Model Code of Professional Responsibility EC 5–10.

havior and mitigates the amount of time and money spent before applying ethical rules of conduct. Defendant's motion to disqualify Mr. Lands is timely.

If the attorney-witness rule operated only at the trial stage of litigation as Plaintiff suggests, the policies inherent in RPC 3.7 would be defeated. An attorney facing disqualification at the trial stage might be too anxious to settle a dispute before trial. Conversely, opposing counsel, armed with the knowledge that opposing counsel faces disqualification, might be unwilling to accept an otherwise attractive settlement offer. Finally, allowing an attorney who will testify to continue as advocate up to the time of a trial would put me in the compromising position of choosing whether to force the advocate's client to start over with a new attorney on the eve of trial, to bar testimony necessary to decide the merits of the case, or to abrogate my duty to apply RPC 3.7. Such procedural distortions raise the specter of the "appearance of impropriety" and the possibility of strategic procedural behavior to the detriment of reaching the merits of the case. Early application of the attorney-witness rule is necessary for the smooth operation of adversarial adjudication.

█ In summary, Mr. Lands is "likely to be a necessary witness" in pending litigation. Assistant Prosecutor Donovan has already denied Plaintiff's version of the conversation in her deposition; Mr. Lands is Plaintiff's only witness to give his version of the conversation held in the conference room. Unless one of the three exceptions to RPC 3.7 applies here, Mr. Lands should be presently disqualified from *Freeman v. Vicchiarelli.*

B. Plaintiff meets none of the three exceptions to RPC 3.7.

█ RPC 3.7 provides three exceptions to the rule barring an attorney from serving dual roles at trial. The first two exceptions may be disposed of quickly. RPC 3.7(a)(1) provides that an attorney is exempt from the attorney-witness rule if his testimony relates to an "uncontested issue." In the present case, Mr. Lands' testimony is vigorously contested. RPC 3.7(a)(2) exempts testimony that pertains only to the "nature and value of legal services" from the attorney-witness rule; Mr. Lands' testimony pertains directly to the factual dispute in this case. Finally, RPC 3.7(a)(3) allows an attorney to continue in dual roles if disqualification would cause "substantial hardship." Plaintiff's claim of "substantial hardship" merits closer attention.

Plaintiff contends that disqualification of Mr. Lands constitutes a "substantial hardship" because Plaintiff will have difficulty finding substitute counsel if Mr. Lands is disqualified. Plaintiff asserts that although his claim has merit, any recovery in this action is likely to be small; Plaintiff argues that difficulty in finding an attorney to replace Mr. Lands rises to the level of "substantial hardship."

Defendant argues that the "substantial hardship" exception does not apply to timely motions to disqualify. Defendant has moved to disqualify before significant attorney's expenses have been incurred, and before significant discovery has occurred. Defendant argues that dismissal of Mr. Lands at this time will not unduly prejudice Plaintiff in his attempt to prepare his case for trial. I agree.

I know of no case in which the New Jersey Supreme Court has articulated the "substantial hardship" exception to RPC 3.7; I must turn for guidance to two cases articulating hardship exceptions to other conflict provisions of the RPC. Both the New Jersey Supreme Court and the United States District Court for the District of New Jersey have articulated a "substantial hardship" standard for analysis in connection with RPC 1.7 and 1.9. RPC 1.7 and 1.9 are both conflict of interest provisions prohibiting an attorney from representing adverse interests. Neither rule contains an explicit "substantial hardship" provision in its language. Nevertheless, in the interests of justice, both courts have found it necessary to avoid mechanical application of these rules by considering the "client's interest in choice of counsel" alongside violations of the ethics rules. In considering the "client's interest," both courts look to the amount of time and money invested by the client in his counsel, as well as to the proximity of the trial in determining whether

disqualification of counsel would unduly prejudice the client. In my opinion, the same standard applies to the "substantial hardship" exception to RPC 3.7. Plaintiff's difficulty in finding alternative counsel does not, in itself constitute "substantial hardship."

In *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201, 536 A.2d 243 (1988), the New Jersey Supreme Court denied a motion to disqualify counsel despite counsel's violation of the conflict provisions in RPC 1.7 and 1.9. The court held that the rules of ethics should not be applied automatically; the client's interests in choice of counsel must be balanced against the need to uphold high standards of ethical conduct. *Id.* at 218, 536 A.2d 243. The court focused on two considerations in denying the motion to disqualify: 1) counsel had expended a great deal of time in preparation prior to the motion to disqualify (over 1800 hours); and 2) the proximity of the trial date would make it extremely difficult for another attorney to familiarize himself with the issues of the case in time for the trial. *Id.* at 218–219, 536 A.2d 243. The *Dewey* court emphasized that "only in extreme circumstances should a client's right to counsel of his or her choice outweigh the need to maintain the highest standards of the profession." *Id.* at 220, 536 A.2d 243.

Similarly, the United States District Court for the District of New Jersey denied a motion to disqualify counsel for violations of RPC 1.7 and 1.9 in *Alexander v. Primerica Holdings Inc.*, 822 F.Supp. 1099 (D.N.J. 1993). The reason given for denying the motion to disqualify in *Alexander* was plaintiff's bad faith in moving for disqualification. Because opposing counsel waited until the trial was imminent before moving for disqualification, that court found that the significant investment of time and money by Primerica in their counsel, Dewey Ballantine, and the likelihood that finding substitute counsel would cause significant delay supported the inference that Alexander moved to disqualify for strategic purposes. *Id.* at 1118. Though the reasoning in each of these cases was slightly different, the principle was the same. Both found that there are unusual circumstances in which normal application of the ethical rules would result in substantive in-

justice. Both cases involved situations in which opposing counsel moved for disqualification after a long delay, and in which the expenditure of resources and proximity of the trial date unduly prejudiced the client of the attorney in violation. These same considerations inform my analysis of "substantial hardship" for the purposes of RPC 3.7(a)(3).

In the present action, Defendant's motion to disqualify Mr. Lands is timely. Defendant moved to disqualify counsel one month after the complaint was filed. Plaintiff has made a good faith effort to secure alternate counsel, and has been unsuccessful (Plaintiff claims to have phoned 14 attorneys, and Mr. Lands has contacted 3 attorneys). Nevertheless, difficulty in finding substitute counsel, by itself, does not rise to the level of "substantial hardship" articulated above.

In summary, Mr. Lands is a "necessary witness" for his client, and none of the three exceptions to RPC 3.7 apply.

C. Mr. Lands may not continue as counsel in this case by offering to disqualify himself as a witness.

■  At oral argument, Mr. Lands offered to stipulate that he would not testify at trial if he would be permitted to continue as advocate in this case. Although Mr. Lands admitted that withdrawing his testimony would weaken Plaintiff's case, Mr. Lands claimed that Plaintiff had consented to withdrawing Mr. Lands' testimony.

Regardless of Plaintiff's consent, Mr. Lands may not disqualify himself as a witness to avoid the application of the attorney-witness rule. Under the present complaint, Mr. Lands is a necessary witness for Plaintiff. Because allowing Mr. Lands to disqualify himself as a witness would substantially weaken his client's claim and would pervert the fact-finding process, I hold that Mr. Lands can not waive his ethical obligations under RPC 3.7 by withdrawing his testimony. I hold that Mr. Lands is disqualified from continuing as an advocate in this case.

The attorney-witness rule requires the disqualification of an attorney in a case in which that attorney will be a "necessary witness."

The primary purpose of the attorney-witness rule is protecting the interests of the client. Advisory Committee on Professional Ethics, *Opinion No. 630*, 124 N.J.L.J. 906, 926. If the case may be "handled by any competent lawyer ... it is appropriate for [the attorney-witness] to withdraw." *Id.* at 926, *quoting* Advisory Committee on Professional Ethics *Opinion No. 233*, 95 N.J.L.J. 206 (1972). Even when there is a question as to the materiality of the lawyer's testimony to the client's case, "doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Advisory Committee on Professional Ethics, *Opinion No. 233*, 95 N.J.L.J. 206–207, (1972) *quoting* ABA Model Code of Professional Responsibility EC 5–10.

Permitting an attorney to stay in a case by foregoing testimony necessary to his client's claim is tantamount to allowing an attorney to knowingly provide his client with less than the best advocacy. By concealing important, admissible evidence from the fact finder, such an attorney would be hurting his client. The withdrawal of "necessary" testimony would also inhibit the court from viewing all of the evidence necessary to reach a just decision.[4] The attorney-witness rule, designed to protect the client and to maintain the integrity of the fact-finding process, can not lead to such an incongruous result. Although I have considerable leeway to allow civil litigants to structure their cases as they see fit, I am not free to allow attorneys to violate their ethical responsibilities.

As the complaint presently reads, Mr. Lands possesses information vital to his client's claim. The complaint mentions Mr. Lands fourteen times. Plaintiff's claims of abuse of process and of the infringement of his constitutional rights arise out of statements allegedly made to Mr. Lands during a conference with Defendant and Assistant Prosecutor Donovan; as stated above, Plaintiff can give no direct testimony as to what transpired at the conference. Assistant Prosecutor Donovan has already given deposed testimony denying that she and Defen-

dant offered Plaintiff a quid pro quo. Mr. Lands is Plaintiff's key witness.

Mr. Lands conceded at oral argument that withdrawing himself as a witness would weaken his client's case. He offered no convincing explanation as to how Plaintiff could succeed without his testimony. Although Mr. Lands stated that his client would prefer to forego Mr. Lands' testimony rather than see Mr. Lands be disqualified, Mr. Lands can not waive his ethical responsibility to present all evidence relevant to deciding this case. Plaintiff may search for new counsel, or may continue in this action pro se. Plaintiff may not, however, try to force this court to abridge its duty to uphold rules of ethical conduct by threatening to quit his claim if denied his first choice of counsel.

Finally, Mr. Lands' assertion that disqualifying him from the present case will mean that criminal defense counsel will never be able to represent their clients in civil cases is without merit. Motions to disqualify counsel are necessarily fact-specific. It is far from certain that other allegations of civil rights abuses in the process of criminal adjudication will arise only in circumstances that are factually similar to the circumstances of this case. Even if criminal defense attorneys are occasionally barred from representing their clients in some civil disputes, the imperatives of upholding the ethical rules in this instance outweigh Plaintiff's right to choice of counsel.

In summary, Mr. Lands can not avoid disqualification under RPC 3.7 by withdrawing himself as a witness. Because Mr. Lands' testimony is crucial to the success of his client's case, he is disqualified from serving as an advocate in *Freeman v. Vicchiarelli*, Civil Action No. 93–479. Defendant's motion to disqualify is GRANTED.

While I have found that disqualification of Mr. Lands at this time will not cause Plaintiff "substantial hardship," I recognize that proceeding pro se might be difficult for Plaintiff. To mitigate any possible adverse effects as a result of this ruling, I will stay all discovery

---

4. RPC 1.7 and 1.9, the conflict of interest provisions, allow waiver if both the party represented and the adversarial party give informed consent to ongoing representation by counsel. RPC 3.7 has no waiver provision; unlike the conflict of interest provisions, the conflicting roles of attorney and witness cut directly to the integrity of the court's ability to decide the issues before it.

and motion practice in this case until September 10, 1993 to allow Plaintiff enough time to secure alternate counsel.

An appropriate order shall enter this date.

ORDER

This matter having been brought before the Court by Michael J. Blee, Esquire attorney for the defendants, for an order to disqualify plaintiff's attorney, Alan M. Lands, Esquire; and the court having considered the written submissions and the oral arguments of the parties; and for good cause shown herein;

IT IS this 24th day of June, 1993 hereby

ORDERED that the defendant's motion is GRANTED for the reasons set forth in the attached Opinion. It is

FURTHER ORDERED that all discovery and motion practice in this case be stayed until September 10, 1993, to permit plaintiff adequate time to secure alternate counsel. It is

FURTHER ORDERED that a status conference will be held on *September 10, 1993 at 9:30 a.m.*