Maia CAPLAN

v.

**Fellheimer Eichen BRAVERMAN & Kaskey and David Braverman.**

Civ. A. No. 94–7506.

United States District Court, E.D. Pennsylvania.

Feb. 17, 1995.

William H. Ewing, Carl Oxholm, III, Connolly Epstein Chicco Foxman Engelmyer and Ewing, Philadelphia, PA, for plaintiff.

Carolyn P. Short, Kenneth M. Kolaski, Philip W. Newcomer, Reed Smith Shaw & McClay, Fellheimer Eichen Braverman and Kaskey, Philadelphia, PA (Helen M. Braverman, of counsel), for defendants.

## MEMORANDUM

JOYNER, District Judge.

## INTRODUCTION

Before this Court is Defendants' Motion to Disqualify Plaintiff's Counsel on the basis of Pennsylvania Rule of Professional Conduct 3.7 (the Ethics Rules). The Ethics Rules have been adopted in the Eastern District of Pennsylvania pursuant to Local Rule 14(IV)(B).

Plaintiff Maia Caplan has sued her former employer, the law firm of Fellheimer Eichen Braverman & Kaskey (the Firm) and one of its partners, David Braverman, for violations of state common law and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e—2000e–17 (1994), as a result of her alleged termination as an associate at the Firm.

Defendants' Motion to disqualify is based on Caplan's Self–Executing Disclosure Statement. In that statement, William H. Ewing, Caplan's attorney, was identified as a person reasonably likely to have information that bears significantly on the claims involved in the matter. The subject of the information was an alleged conversation between Ewing and Alan Fellheimer, a shareholder in the Firm, wherein Fellheimer allegedly made admissions damaging to Defendants concerning Caplan's departure from the Firm.

The Firm argues that both Ewing and his law firm, Connolly Epstein Chicco Foxman Engelmeyer & Ewing, must be disqualified from representing Caplan under Rule 3.7 of the Ethics Rules. That Rule states:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony relates to the nature and value of legal services rendered in the case; or

    (3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 [Conflict of Interest—General Rule] or Rule 1.9 [Conflict of Interest—Former Client].

## DISCUSSION

■ Preliminarily, we hold that regardless of our decision on the likelihood of Ewing's status as a necessary witness, the language of the Rule itself, as well as cases interpreting it, do not require a lawyer to be disqualified from *representing* a client even if Rule 3.7 is violated. The Rule only prevents a lawyer who will be a witness from acting as an "advocate at a trial."

Because of this, whatever our ultimate ruling is today, Defendants' Motion will be denied at least in part, insofar as it requests Ewing's complete disqualification from Caplan's representation. Ewing will, at the very least, be permitted to continue to represent Caplan and participate in all pre-trial and post-trial matters. *Electronic Lab. Supply Co. v. Motorola, Inc.*, No. 88–4494, 1990 WL 96202 at *2, 1990 U.S.Dist. Lexis 8315 at *6 (E.D.Pa. July 2, 1990); *Second & Ashbourne Assoc. v. Cheltenham Township, Inc.*, No. 88–6400, 1989 WL 8874 at *3, 1989 U.S.Dist. Lexis 992 at *7 (E.D.Pa. Feb. 2, 1989).

■ We turn then to the question of whether Ewing is likely to be a necessary witness at the trial and if so, whether he falls into one of three exceptions. Taking the exceptions first, the issue on which Ewing would testify is at this point a contested one. Caplan asserts that she was terminated and the Firm defends that she resigned. Ewing's testimony would go, therefore, to a contested issue. Ewing's testimony does not

go to the nature and value of his legal services, and at this early stage in the litigation, his disqualification is unlikely to work substantial hardship on Caplan.

Having resolved of the exceptions to Rule 3.7, it is necessary to examine the general rule. Caplan argues that it is impossible to say at this point whether Ewing is likely to be a necessary witness or not. She points out that during discovery, better evidence than Ewing's may be uncovered, that the Defendants may agree that she was terminated, or that his testimony may be ruled inadmissible as a statement made in the context of an offer to compromise under F.R.E. 408. She points to cases in this District where judges reserved decision on a motion to disqualify until after discovery. *Vanguard S & L Assoc. v. Banks*, No. 93–4627, 1994 WL 284222 at *2, 1994 U.S.Dist. Lexis 8697 at *6 (E.D.Pa. June 27, 1994); *Gillespie v. Chrysler Corp.*, No. 93–1532, 1993 WL 246113 at *1, 1993 U.S.Dist. Lexis 8979 at *2–*3 (E.D.Pa. June 25, 1993); *Anderson v. Reliance Standard Life Ins. Co.*, No. 86–3328, 1988 WL 80036 at *2, 1988 U.S.Dist. Lexis 7914 at *5 (E.D.Pa. July 27, 1988).

Waiting until discovery is completed on this issue is the best course to resolve this potential conflict. At this early date, it is uncertain whether Ewing is likely to be a necessary witness, but this will be more clear following discovery. We agree with Defendants that the rule applies to disqualify those attorneys who are "*likely*" to be a necessary witness," and not just those who *will* be a necessary witness. Further into the case, therefore, we will be able to determine the likelihood of Ewing's testimony. This will also give Caplan the opportunity to make strategic decisions, such as whether to stipulate that Ewing will not testify, in order to guarantee that he can be her advocate at trial.

If it becomes likely that Ewing will be a witness on this contested issue, Rule 3.7 will certainly preclude his participation as her trial advocate. This possibility having been raised so early in the litigation, it will be difficult for her later to plead the substantial hardship exception. A presently unimaginable and significant event must occur before this Court, based on this record, will be willing to permit Ewing to both testify and advocate at trial. It would be advisable for Caplan, if discovery shows any chance that Ewing may be called to testify, to prepare other counsel for the event that they may be her advocate at trial.

■ We will rule now on Defendants's argument that if Ewing is disqualified, his law firm must be as well. Where the parties stand now, there is no need to disqualify Ewing's firm from representing Caplan at trial even if Ewing cannot. Rule 3.7 specifically provides that a firm is not vicariously disqualified along with an attorney unless either Rule 1.7 or Rule 1.9 is violated.

Defendants argue that under Rule 1.7(b), Ewing's firm would "be materially limited by [its] responsibilities to another client or to a third person, or by the lawyer's own interests" because Ewing and Caplan have a contingent fee agreement based on the outcome of this litigation. We do not find that this is so.

Rule 1.8(j)(2), titled Prohibited Transactions, expressly permits contingency fee agreements. Defendants do not argue that the potential conflict arises from anything more than this fee arrangement. For this reason, the situation is not on a par with a case heavily relied on by Defendants, *United States v. Stout*, 723 F.Supp. 297 (E.D.Pa. 1989). In *Stout*, a union officer was charged with several federal crimes including theft from programs receiving federal funds. Sprague was Stout's attorney for those charges, but had also acted as the union's lawyer in the past and was involved in numerous dealings with various attorneys and players in the criminal case and related civil cases. As an indication of the widespread activities of attorney Sprague with other participants in the events, it took five pages for the District Court just to describe the background. *Id.* at 298–302. *Stout*'s facts, therefore, are far from the facts at bar, where a common contingent fee is at issue.

In addition, even if Ewing's representation would be materially limited by his own interest in a contingent fee, Rule 1.7(b) would specifically permit the representation if:

(1) the lawyer reasonably believes the representation will not be adversely affected; and

(2) the client consents after full disclosure and consultation.

The Ethics Rules, therefore, permit contingent fee arrangements and conflicts of interest between lawyer and client in certain circumstances. There is no evidence on which this Court could find that Ewing's entire firm must be disqualified from representing Caplan simply because of the contingent fee arrangement. Rule 3.7(b), 1.7(b) and 1.8(j)(2).

## CONCLUSION

We hold today that it is unclear whether Ewing is likely to be a necessary witness at trial. If it develops that it is likely, then he will be disqualified from acting as Caplan's advocate at trial, but not as her attorney other than at trial. We also hold that there is presently no evidence to support disqualifying Ewing's law firm from representing Caplan. In accordance with these conclusions, we deny Defendants' Motion, but without prejudice.

An appropriate Order follows.

## ORDER

AND NOW, this 17th day of February, 1995, upon consideration of Defendants' Motion to Disqualify William H. Ewing, Esquire and the Law Firm of Connolly Epstein Chicco Foxman Engelmeyer & Ewing as Plaintiff's Counsel and responses thereto,[1] the Motion is hereby DENIED WITHOUT PREJUDICE. Plaintiff's request for sanctions under Federal Rule of Civil Procedure 11 are hereby DENIED.

---

1. Defendants filed, without leave of court, a reply brief. Pursuant to Local Rule 20(c) a court may permit additional briefing, if necessary. Because no leave was requested, this Court did not rely upon the reply brief in ruling on the Motion.