Richard M. STEWART, Jr., Plaintiff,

v.

BANK OF AMERICA, N.A., Defendant.

No. 7:01–CV–36.

United States District Court,
M.D. Georgia,
Valdosta Division.

Oct. 25, 2001.

Robert Lander Cork, Patrick C. Cork, Valdosta, GA, for plaintiff.

William J. Holley, II, Atlanta, GA, Walter G. Elliott, II, Valdosta, GA, for defendant.

---

1. The Georgia Supreme Court adopted the Georgia Rules of Professional Conduct on June 12, 2000. The rules were effective January 1, 2001.

## ORDER

OWENS, District Judge.

This matter is before the Court on Defendant's Motion to Disqualify Robert Cork and Patrick Cork as Plaintiff's Counsel. Defendant contends that pursuant to M.D.Ga.L.R. 83.2.1(A), Georgia Rule of Professional Conduct 3.7(a) and American Bar Association Model Rule of Professional Conduct 3.7(a), Robert Cork and Patrick Cork are wrongfully counsel for Plaintiff and necessary, material witnesses in this case. Defendants contend that proper discovery will require the deposition of both attorneys because they were eyewitnesses to and have personal knowledge of the foreclosure transaction and events subsequent thereto that are the subject matter of this litigation. Robert Cork and Patrick Cork contend they should not be disqualified because the situation fits within the exceptions to the ethical rules listed above.

## I. Discussion

The local rule of this court, M.D.Ga.L.R. 83.2.1(A), provides that attorneys practicing in this court shall be governed by this Court's local rules, any rules of conduct adopted by the Supreme Court of Georgia and the American Bar Association Model Rules of Professional Conduct. The Georgia Supreme Court and the ABA's Model Rules employ an identical rule that prohibits attorneys from serving in the capacity as both an advocate and a witness. The rule specifically mandates:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) the disqualification of the lawyer would work substantial hardship on the client.

Model Rule of Professional Conduct 3.7(a) [1]. Comment 2 to Georgia's Rule 3.7 explains that

> The Georgia Rules are nearly identical to the American Bar Association's Model Rules of Professional conduct including the way the rules are

The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Comment 4 explains, "Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client."

Because the adoption of the ABA version of this rule is relatively new in Georgia, there are few cases directly on point. Therefore, caselaw from other circuits interpreting the ABA Rule 3.7 will be analyzed for guidance in this area. This caselaw is in accord with the comments to the newly adopted Georgia Rule and is thus instructive in the case at bar.

Even before the recent adoption of new rules of professional conduct, it had been the law in this state for some time that the trial judge has the authority and discretion to disqualify counsel attempting to serve as both advocate and witness. *See e.g. Cherry v. Coast House, Ltd.*, 257 Ga. 403, 359 S.E.2d 904, 906 (1987); *McCabe v. Lundell,* 199 Ga. App. 639, 405 S.E.2d 693, 696 (1991); *Kent v. Peters*, 211 Ga.App. 698, 440 S.E.2d 87, 89 (1994). In a Seventh Circuit case, the court analyzed an Indiana Rule of Professional Conduct identical to Georgia's Rule 3.7. *Hutchinson v. Spanierman*, 190 F.3d 815 (7th Cir.1999), *cert. denied*, 529 U.S. 1068, 120 S.Ct. 1676, 146 L.Ed.2d 484 (2000). In *Hutchinson*, the court of appeals affirmed the disqualification of an attorney because there was sufficient evidence to suggest to the trial judge that the attorney would likely be called as a material witness in the case. *Id.* at 828. The attorney was a witness to several of the conversations the substance of which involved the civil RICO count in the complaint. For that and various other reasons, the court found that the attorney was properly disqualified as counsel. One district court noted that as a rule "[o]nce counsel recognizes that opposing counsel is 'likely to be a necessary witness,' a motion to disqualify opposing counsel should be filed." *Freeman v. Vicchiarelli*, 827 F.Supp. 300, 302 (D.N.J.1993). That court explained Rule 3.7 does not require an absolute certainty that the attorney *will* be called as a witness, only that there is a "likelihood" that the attorney will be a necessary witness. *Id.* Moreover, "[o]nce an attorney recognizes that he is 'likely' to be a witness in litigation, he must choose whether he will proceed as advocate or witness; he may not choose both." *Id.* at 303. In *Freeman*, the court noted it was imperative that this take place as soon as possible before the case approaches a trial date. *Id.*

In another case, the defendant's attorney was disqualified in a breach of contract action between a festival organizer and a merchandiser. *World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.*, 866 F.Supp. 1297 (D.Colo.1994). The court disqualified the attorney because he was likely to be called as a necessary witness based on the fact that he was the sole negotiator for the merchandiser. The court held that a lawyer is " 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *Id.* at 1302. The attorney in that case was "the only individual on [the defendant's] side with first-hand non-privileged knowledge of many relevant and material facts at issue in [that] case." *Id.* The attorney's testimony was essential in establishing whether a valid and enforceable contract was initially formed and whether it still existed. The court held that a jury would be confused by an advocate also appearing as a witness and "may attribute too much or too

worded and numbered. As the events complained of in the pleadings and subsequent motions occurred after January 1, 2001, the new

Georgia Rules are the governing rules of conduct. Ga.State Bar Rule 3.7 (2000).

little weight to [an attorney's] testimony because of his dual role." *Id.* at 1303. Therefore, the attorney was disqualified from acting as defense counsel and from taking or defending all depositions.

In a Title VII wrongful termination case, a court suspended consideration of the disqualification motion until discovery could be completed. *Caplan v. Braverman,* 876 F.Supp. 710 (E.D.Pa.1995). The defendants moved for disqualification because plaintiff's attorney was part of a conversation where one of the defendant partners allegedly made admissions damaging to the defendants concerning plaintiff's departure from the firm. Considering the factors from Rule 3.7, the court found that (1) the point on which the attorney at issue would testify was contested, (2) the proposed testimony would not relate to the value of legal services and (3) disqualification was unlikely to work substantial hardship on the plaintiff. However, it could not determine at that time if it was necessary to disqualify plaintiff's counsel. *Id.* at 712. It is unclear from the court's holding exactly what facts the court relied on for this holding. Nonetheless, the court noted the plaintiff's contention that her attorney's possibly damaging testimony about the termination could be ruled inadmissible as a statement made in the context of an offer to compromise under F.R.E. 408. The court instructed the attorney to prepare other counsel for the event that he may be disqualified if discovery shows that the attorney would have to testify at trial. *Id.* The court denied the motion to disqualify without prejudice but noted that even if plaintiff's attorney was later disqualified from acting as plaintiff's advocate at trial, the attorney would not be prohibited from representing the client in pre-trial and post-trial matters..

In the case at bar, it is readily apparent that the rules and caselaw requiring disqualification in a advocate/witness conflict situation are applicable. There is no question that Robert Cork and Patrick Cork are necessary, material eyewitnesses to the several transactions that are the subject matter of this case. It is also clear that the exceptions in Rule 3.7 are not applicable. Specifically, any statements the Plaintiff's attorney would

make about the events in question would be based on personal knowledge from their participation therein. Because there is much debate over what happened at the foreclosure sale and thereafter, their statements or testimony would be related to hotly contested issues. Second, the testimony from the attorneys would not relate to the nature and/or value of their legal services rendered in this case. Third, the disqualification of the attorneys would not work any hardship on the Plaintiff at this point. Discovery has not yet taken place, no dispositive motions have been filed and a trial date has not been set. Accordingly, this case has not yet moved to the point where it would be detrimental to the Plaintiff's interests to find substitute counsel. Rather, it is in Plaintiff's best interest for the attorneys to withdraw at this point before the case proceeds any further.

Indeed, if the attorneys were not disqualified at this point, it is very likely that Plaintiff's case would be jeopardized. From the record before the Court, it is obvious that the Plaintiff has precious few witnesses, if any, to relate his side of the story to a jury. The parties dispute whether there were witnesses at the actual foreclosure sale. The Plaintiff's attorneys assert that a deputy sheriff and a lawclerk were present. However, the Defendant contends that there were no witnesses at the foreclosure sale. Consequently, there is more than a mere "likelihood" that Robert Cork and Patrick Cork will be necessary, material witnesses for the Plaintiff in any trial of this case. As in *World Youth Day, supra,* the attorneys were the sole negotiators for the Plaintiff at the foreclosure sale. They are the only ones on Plaintiff's side, other than the Plaintiff, with first-hand knowledge of many relevant and material facts at issue in this case. Therefore, their testimony is essential in establishing whether a valid foreclosure sale actually took place. Any statements they would make at trial regarding the foreclosure or any subsequent, related events would completely confuse a jury because they would attribute too much, or possibly too little, weight to the attorneys' testimony.

Moreover, it is unnecessary to hold the motion to disqualify in abeyance pending dis-

covery as was done in *Caplan*. It is obvious from the pleadings, the motions filed by the parties and the in-chambers conference on August 14, 2001 that it is in the Plaintiff's best interest that Robert Cork and Patrick Cork be removed as Plaintiff's attorneys and substitute counsel found immediately[2]. Therefore, Defendant's **Motion to Disquali-** fy **Robert Cork and Patrick Cork as Plaintiff's Counsel is GRANTED.**

**2.** It must be noted that Robert Cork and Patrick Cork's assertions that this disqualification will harm their reputation as attorneys is unfounded. Rule 3.7 provides that the only possible punishment for proceeding as counsel and a witness in the same case is a public reprimand. This Court's Order removing them from counsel prevents them from violating this rule in the future. Therefore, there will be no harm to their professional reputation.