**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1941-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY SHULER,

    Defendant-Appellant.

_____

> Submitted September 12, 2017 — Decided October 18, 2017
>
> Before Judges Fasciale and Sumners.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Hudson County, Indictment No.
> 16-04-0604.
>
> Joseph E. Krakora, Public Defender, attorney
> for appellant (Mary J. Ciancimino, First
> Assistant Deputy Public Defender, of counsel
> and on the brief).
>
> Esther Suarez, Hudson County Prosecutor,
> attorney for respondent (Karen Kazanchy,
> Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant was indicted for homicide and attempted homicide arising from a 2010 gang-related shooting. While the trial was

pending, defendant and others were charged in a superseding indictment with witness tampering and conspiracy to commit murder of two witnesses (collectively "witness tampering") related to the shooting. The indictment also incorporated the homicide and attempted homicide charges against defendant. When a co-defendant filed a motion to sever the trial of the witness tampering charges from the 2010 shooting charges, defendant joined the motion and his counsel argued that severance was appropriate because counsel was a potential witness for defendant in the witness tampering charges. Counsel was mentioned in defendant's intercepted telephone call with his co-defendant in which the State contended they were arranging the murder of witnesses to prevent them from testifying against defendant. In response, the State filed a motion seeking to disqualify counsel under RPC 3.7.

On December 8, 2016, the trial judge granted the State's motion to disqualify defense counsel because of her argument in support of the trial severance. We subsequently granted defendant's motion for leave to appeal.

Before us, defendant contends:

> POINT I
> THE TRIAL COURT WRONGLY APPLIED RULE OF PROFESSIONAL CONDUCT RPC 3.7 BY GRANTING THE STATE'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEY, CAUSING SUBSTANTIAL HARDSHIP AND IRREPARABLE HARM TO DEFENDANT.

A-1941-16T4

    A.    The Trial Court Wrongly Applied The
"Likely To Be a Necessary Witness" Test.

    B.    The Trial Court Wrongly Applied RPC
3.7 By Disqualifying Defense Counsel Before
Trial Had Commenced-Disregarding That The Rule
Provides Only That A Conflicted Lawyer "Shall
Not Act As Advocate At Trial."

    C.    The Trial Court Failed To Apply
Subsection    (3)    Of    The    Rule,    That
"Disqualification Of The Lawyer Would Work
Substantial Hardship On" Defendant.

For the reasons that follow, we affirm.

On June 28, 2010, Darren Edwards and Shareef Allen were shot in Jersey City based upon the State's theory of a Bloods gang dispute.  Edwards died, but Allen survived.  T.R.,[1] then thirteen years old, witnessed the shooting and gave a video-recorded statement to the police identifying defendant as the shooter. Although Allen did not initially identify defendant as the shooter, he eventually did so in 2012.  The case was originally listed for trial on September 8, 2015, but was adjourned at the State's request due to a witness's unavailability.

The State's witness problems continued when it was not able to locate Allen, and T.R. was afraid to testify because his life was threatened and he was shot at numerous times.  The State's motion to admit T.R.'s statement under N.J.R.E. 804(b)(9),

---

[1] We use initials to protect the privacy of the witnesses.

Forfeiture by Wrongdoing, was denied because the motion judge determined there was insufficient evidence linking the threats to defendant - T.R. did not identify who threatened him, only testifying that they were defendant's friends. We denied the State's motion to stay the trial and granted leave to file an interlocutory appeal.

When the trial had been stayed pending our decision on leave to appeal, the State discovered what it believed was additional evidence of witness tampering. While incarcerated at the county jail, defendant's recorded telephone conversation with Robert Dawson allegedly revealed their plan to keep T.R. and another witness M.R. from testifying against him at the 2010 shooting trial. Defendant also referred to a meeting with his trial counsel. The conversation, together with other wiretapped telephone calls and intercepted text messages, resulted in a superseding indictment incorporating defendant's 2010 shooting charges and new witness tampering charges that included defendant, Dawson, and two other co-defendants.

Thereafter, defendants filed motions for speedy trial and severance of the trial for the homicide and attempted homicide charges from the witness tampering charges. In joining co-defendant's severance motion, defendant's counsel Mary Ciancimino argued in her brief that because she was mentioned in the telephone

4

conversation between defendant and Dawson, she was a potential witness for defendant in the witness tampering charges and severance should be granted to "ensure . . . defendant receives a fair trial and has all possible witnesses available to him at [the witness tampering] trial." She further added that the situation needed court intervention.

In response to Ciancimino's argument, the State filed a motion under RPC 3.7 to disqualify her as defendant's counsel. In opposing the application, Ciancimino retracted her argument that she may be a potential witness for defendant, and contended instead that she would only be a witness for the State should the State "open the door on the issue." The judge found no merit to Ciancimino's attempt to retract her earlier unequivocal assertion. Based upon our interpretation of RPC 3.7 in State v. Dayton, 292 N.J. Super. 76 (App. Div. 1996), the judge found the State's motion was timely, and that, although the State never asserted Ciancimino would be a witness to establish defendant tampered with witnesses, the State met its burden by showing that she is or could be a necessary witness based upon her initial assertion. The judge also rejected Ciancimino's contention that, even if she is a necessary witness, the substantial hardship on defendant in obtaining new counsel over six years after he was indicted does not justify her disqualification by a mechanical application of

A-1941-16T4

RPC 3.7(a)(3). The judge reasoned that the prejudice defendant might face in finding new counsel is far outweighed by his right to a fair and effective counsel.

This court's "determination of whether counsel should be disqualified is, as an issue of law, subject to de novo plenary . . . review." City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010). A defendant is constitutionally entitled to choose which lawyer will represent him or her, so long as that counsel is not court-appointed. State v. Kates, 426 N.J. Super. 32, 43 (App. Div. 2012), aff'd, 216 N.J. 393 (2014). "In other words, the Sixth Amendment 'commands . . . that the accused be defended by the counsel he believes to be best.'" Ibid. (alteration in original) (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 146, 126 S. Ct. 2557, 2562, 165 L. Ed. 2d 409, 418 (2006)). The United States Supreme Court has classified the erroneous deprivation of that right as a "structural error," regardless of the quality of representation of substitute counsel, requiring reversal because it affects "the framework within which the trial proceeds." Gonzalez-Lopez, supra, 548 U.S. at 150, 126 S. Ct. at 2564-65, 165 L. Ed. 2d at 420 (citations omitted); see Kates, supra, 216 N.J. at 395-96.

The right to select counsel is not absolute, and can be curtailed by certain restrictions, including the court's

"independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Gonzalez-Lopez, supra, 548 U.S. at 152, 126 S. Ct. at 2566, 165 L. Ed. 2d at 421-22 (citation omitted).

In a motion to disqualify counsel, the moving party bears the burden of proving that disqualification is appropriate. Kaselaan v. D'Angelo Assoc., Inc., 144 F.R.D. 235, 238 (D.N.J. 1992). "[D]isqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." Alexander v. Primerica Holdings, Inc., 822 F. Supp. 1099, 1114 (D.N.J. 1993) (citations omitted). Importantly, "a defendant's choice of counsel is not to be dealt with lightly or arbitrarily. That choice should not be interfered with in cases where potential conflicts of interest are highly speculative." United States v. Lacerda, 929 F. Supp. 2d 349, 360 (D.N.J. 2013) (citation omitted).

RPC 3.7 states in pertinent part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or

A-1941-16T4

(3) disqualification of the lawyer would work substantial hardship on the client.

It is undisputed that the exceptions in RPC 3.7(a)(1) and (2) do not apply here. Our analysis thus hinges upon whether defendant's counsel is "likely to be a necessary witness" at trial, and if so, whether the attorney's disqualification would inflict a "substantial hardship" upon his client.

"The ethical prohibition is not against being a witness, but against acting as trial attorney in a case where it is likely that the attorney's testimony will be necessary." State v. Tanksley, 245 N.J. Super. 390, 393 (App. Div. 1991). Importantly, the rule does not require certainty that a lawyer will testify, only "a likelihood that a lawyer will be a necessary witness." J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 230 (App. Div. 2006).

In this case, the State carried the burden of demonstrating a likelihood that Ciancimino would testify at trial. While the State did not contend it would call Ciancimino to establish that defendant and Dawson planned to keep T.R. and M.R. from testifying against defendant regarding the 2010 shooting, we agree with the trial judge that her initial assertion creates the likelihood that she may be a witness at the witness tampering trial because she was mentioned in defendant's telephone conversation in which the

State's tampering charges are based. Counsel's attempt to backpedal from her initial assertion that she is a potential witness for defendant is unpersuasive.

RPC 3.7 is meant to protect the client's interest to make sure that all evidence to advance his or her position is available and used in a trial to further a just result. See Freeman v. Vicchairelli, 827 F. Supp. 300, 306 (D.N.J. 1993). Considering that defendant and Brooks would likely not testify, Ciancimino is the only potential witness that can shed light on her conversation with defendant that was part of the intercepted telephone conversation. Yet, even if defendant and Dawson were to testify, their testimony might not be given the same weight as Ciancimino, thereby reinforcing the need for her testimony. See Dayton, supra, 292 N.J. Super. at 86.

Balancing the overwhelming interests at stake for defendant in choosing his counsel and having all possible witnesses testify in his defense warrants disqualification of Ciancimino so that she would be available to testify in his defense. The consequence that defendant will have to retain new counsel does not overcome the need for a fair trial. The trial court should give defendant's new counsel adequate time to understand the issues at hand and prepare for trial.

Lastly, under the circumstances here, there is no merit to defendant's contention that should RPC 3.7 apply to disqualify Ciancimino, it only disqualifies her from representing him at trial, and not pretrial proceedings. While RPC 3.7 only mentions "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless[,]" we see no logic to apply the rule so that a criminal defendant would have separate counsel for pretrial motions and trial. To allow Ciancimino to continue to handle defendant's pretrial matters could prevent new defense counsel from implementing the trial strategy that he or she envisions. Furthermore, waiting to substitute counsel could further delay the trial, as new counsel would have to review discovery and pretrial proceedings, identify witnesses, and prepare for trial. Defendant's interests are best served the sooner new counsel assumes representation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION