MARK DiMARTINO, Petitioner v. THE EIGHTH JUDICIAL
DISTRICT COURT OF THE STATE OF NEVADA, in and
for THE COUNTY OF CLARK, and THE HONORABLE
VALORIE J. VEGA, District Judge, Respondents, and
MICHAEL GREENSTEIN, Real Party in Interest.

No. 40923

April 16, 2003                      66 P.3d 945

*Nersesian & Sankiewicz* and *Robert A. Nersesian,* Las Vegas, for
Petitioner.

*Law Office of Barry Levinson* and *Barry Levinson,* Las Vegas,
for Real Party in Interest.

Before Shearing, Leavitt and Becker, JJ.

## OPINION

*Per Curiam:*

This original petition for a writ of mandamus questions whether
the district court acted arbitrarily and capriciously by disqualifying

petitioner Mark DiMartino's counsel, Michael H. Singer, under SCR 178. Having reviewed the petition and the answer filed by real party in interest Michael Greenstein, we conclude that SCR 178 may prevent Singer from representing DiMartino at trial, if the underlying action proceeds to trial, but it does not otherwise disqualify him from representing DiMartino.

According to the documents before us, the underlying action is primarily a breach of contract suit brought by Greenstein against DiMartino, individually and as president of Synergy Restaurant Group, Inc. Synergy was incorporated in June 1993, and DiMartino, Singer, Greenstein and two others (Richard DiMartino and Christopher Birkin) were Synergy's sole shareholders. In September 1996, when these five shareholders entered into an agreement restricting the transferability of Synergy's stock, Mark DiMartino owned 370 shares, Richard DiMartino 330 shares, Greenstein 250 shares, and Singer and Birkin 25 shares each. Under the agreement, all five shareholders were made directors.

In December 1996, apparently before Synergy began its actual business operations, Singer transferred his stock interest and resigned from the board of directors. In 1999, DiMartino and Greenstein had a falling out, and Greenstein offered to sell his stock interest for $90,000. DiMartino offered Greenstein $4,500 and asked for his resignation. Apparently Greenstein rejected the offer, and DiMartino "fired" him in October 1999.[1]

In December 2000, Greenstein sued DiMartino and Synergy. In January 2001, DiMartino and Synergy, represented by attorney Singer, answered and counter-claimed against Greenstein. In December 2002, Greenstein filed an amended complaint, which alleges nine causes of action: (1) wrongful removal of an officer, (2) breach of the implied covenant of good faith and fair dealing, (3) libel, (4) slander, (5) wrongful interference with prospective economic advantage, (6) breach of loyalty, (7) breach of contract, (8) breach of fiduciary duty, and (9) unjust enrichment. The amended complaint seeks compensatory and punitive damages.

In December 2002, Greenstein moved for Singer's disqualification as DiMartino and Synergy's counsel under SCR 178, on the basis that Greenstein planned to call Singer as a witness because he had been a shareholder and a member of the board of directors. Greenstein had not identified Singer as a potential witness until December 2002, when he filed his amended complaint, the motion to disqualify and an amended pretrial memorandum. DiMartino and Synergy unsuccessfully opposed the motion. On January 8, 2003, the district court granted the motion orally, citing SCR 178

---

[1]The skimpy record before us contains a bare allegation that DiMartino "fired" Greenstein and banned him from Synergy's operations, without further explanation.

and this court's opinion in *Cronin v. District Court*.[2] On January 27, 2003, the district court entered a written order disqualifying Singer.

In February 2003, DiMartino filed this writ petition challenging the disqualification order. He contends that SCR 178 may prohibit Singer from acting as trial counsel, but it does not justify his complete disqualification. This court ordered Greenstein to answer the petition, and in March 2003 he did so. Greenstein does not address the rule's scope, however.

When petitioner has no plain, speedy and adequate remedy in the ordinary course of law, a writ of mandamus is available to control an arbitrary or capricious exercise of discretion.[3] SCR 178 generally precludes an attorney who "is likely to be a necessary witness" from acting as a trial advocate. Specifically, SCR 178 provides, in relevant part:

> 1.   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (a) The testimony relates to an uncontested issue;
> (b) The testimony relates to the nature and value of legal services rendered in the case; or
> (c) Disqualification of the lawyer would work substantial hardship on the client.

Here, although the parties dispute whether attorney Singer "is likely to be a necessary witness," the district court disqualified him as petitioner's counsel. In doing so, the court exercised its discretion arbitrarily and capriciously.

First, the rule does not mandate complete disqualification of an attorney who may be called as a witness; by its plain terms, SCR 178 simply prohibits the attorney from appearing as trial counsel. In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage.[4] Some courts,

---

[2]105 Nev. 635, 781 P.2d 1150 (1989) (stating that in situations involving attorney disqualifications, any doubts should be resolved in favor of disqualification).

[3]*See Round Hill Gen. Imp. Dist. v. Newman,* 97 Nev. 601, 637 P.2d 534 (1981).

[4]*See, e.g., Culebras Enterprises Corp. v. Rivera-Rios,* 846 F.2d 94 (1st Cir. 1988) (lawyers performing substantial pretrial work did not violate the advocate-witness rule because they did not plan to act as advocates at trial if called as witnesses); *United States v. Castellano,* 610 F. Supp. 1151, 1167 (S.D.N.Y. 1985) (lawyer may fully participate in pretrial stage even though the lawyer will probably be called as a witness); ABA Comm. on Ethics and Prof'l

however, have disqualified counsel in the pretrial stage.[5] We believe the majority approach is the better reasoned one. Because the rule is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness, pretrial disqualification generally is not necessary. The case may not go to trial, other evidence may be available in place of the attorney's testimony or the attorney's client might prefer to have the attorney as an advocate rather than a witness.[6]

Second, SCR 178 is derived from, and virtually identical to, ABA Model Rule of Professional Conduct 3.7. The ABA Commission on Ethics and Professional Responsibility has interpreted the Model Rule to allow a lawyer who is expected to testify at trial to represent his client in pretrial proceedings, with consent, although the lawyer may not appear in any situation requiring the lawyer to argue his own veracity to a court or other body, whether in a hearing on a preliminary motion, an appeal or other proceeding.[7] This interpretation preserves the right to counsel of one's own choice while protecting the integrity of the judicial proceeding.

Third, the district court's oral ruling and written decision do not balance the parties' interests or address the hardship Singer's disqualification may have on DiMartino. SCR 178(1)(c) requires consideration of this factor. The district court also did not determine whether Singer was likely to be a necessary witness.

Finally, we are loathe to allow a party to wholly disqualify opposing counsel under SCR 178 by simply listing that counsel as a witness two years into the litigation and asserting that disqualification doubts should be resolved in favor of disqualification. The

---

Responsibility, Informal Op. 1529 (1989) (lawyer who is expected to testify at trial may represent client in pretrial proceedings, provided client consents after consultation and lawyer reasonably believes representation will not be adversely affected by the lawyer's interest in the expected testimony); State Bar of Mich. Comm. on Prof'l and Judicial Ethics, RI-299 (Dec. 18, 1997) (lawyer not disqualified from representing client in pretrial matters even if lawyer might eventually be disqualified from acting as trial counsel).

[5]*See, e.g., World Youth Day, Inc. v. Famous Artists,* 866 F. Supp. 1297 (D. Colo. 1994) (court refused to allow lawyer who was necessary trial witness to take or defend depositions, holding that if pretrial activity includes obtaining evidence that, if admitted at trial, would reveal lawyer's dual role, then risk of jury confusion and prejudice overrides rationale that the advocate-witness rule applies only to trial advocacy); *Freeman v. Vicchiarelli,* 827 F. Supp. 300 (D.N.J. 1993) (lawyer likely to be called as trial witness for client may not represent client even during pretrial stages).

[6]*See* ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 1529 (1989).

[7]*Id.*

potential for abuse is obvious. Interpreting SCR 178 to permit total disqualification would invite the rule's misuse as a tactical ploy.[8]

Accordingly, we grant the petition. The clerk of this court shall issue a writ of mandamus directing the district court to vacate its order disqualifying attorney Singer.

---

[8]*See, e.g., Zurich Ins. Co. v. Knotts,* 52 S.W.3d 555, 560 (Ky. 2001) (holding that the showing of prejudice needed to disqualify opposing counsel as trial advocate must be more stringent than when the attorney is testifying on behalf of his own client, because adverse parties may attempt to call opposing lawyers as witnesses simply to disqualify them).