Todd WILLIAMS, an individual,
Plaintiff,

v.

BORDEN CHEMICAL, INC., A New Jersey Corporation, Ha–International, LLC., A Delaware limited liability company, and Richard Parker, an individual, Defendants.

No. 3:02–cv–10145–JAJ–RAW.

United States District Court,
S.D. Iowa,
Davenport Division.

July 2, 2007.

Patrick W. Driscoll, Stanley Lande & Hunter, Davenport, IA, for Plaintiff.

Andrew G. Klevorn, Nathan P. Eimer, Michelle K. Moritz, Greg J. Weintraub, Eimer Sthal Klevorn & Solberg, Chicago, IL, Daniel E. Reidy, Irene Savanis, Justin Schwartz, Jones Day Reavis & Pogue, Chicago, IL, John F Doak, Katz Huntoon & Fieweger, Moline, IL, for Defendants.

RULING ON MOTION OF HA–INTER-NATIONAL FOR CLARIFICATION OF SEPTEMBER 12, 2003 RULING ON MOTION TO DISQUALIFY COUNSEL AND PLAINTIFF'S CROSS–MOTION FOR SANC-TIONS

WALTERS, United States Magistrate Judge.

The above resisted motions are before the Court [116 & 127]. Attorney Marc S. Culp is one of the attorneys of record for plaintiff Todd Williams and is Mr. Williams' cousin. This is a "whistle-blower" case involving contract and tort claims against HA–International ("HAI") and its alleged majority owner, Borden, as well as a federal statutory claim under § 806 of the Sarbanes–Oxley Act, 18 U.S.C. § 1514A. Plaintiff Williams alleges that while an employee of HAI he disclosed the existence of a conspiracy to restrain competition in the sale of foundry resins in retaliation for which he was terminated. The disclosure allegedly occurred at a meeting on August 8, 2002, attended by two HAI attorneys, Mr. Williams, and his lawyer, Mr. Culp. What was said at the meeting is in dispute and is central to this case. The HAI attorneys deny Mr. Williams disclosed anti-competitive conduct at the meeting. Mr. Culp supports Mr. Williams' recollection.

Mr. Williams is represented in this case by Davenport, Iowa, attorney Patrick W. Driscoll and Mr. Culp. HAI previously moved to disqualify Mr. Culp because he will be a fact witness at trial and, argued HAI, could not ethically undertake or continue representation of Mr. Williams. By local rule the then-applicable Iowa Code of Professional Responsibility for Lawyers ("ICPRL") governed.[1] On September 12, 2003, the Court concluded DR 5–101(D), which prohibited a lawyer from accepting employment in litigation "if it is known or it is obvious" that the lawyer "ought to be called as a witness" did not require disqualification in the circumstances, but that the other relevant disciplinary rule, DR 5–102(A), which instructed a lawyer to "withdraw from the conduct of the trial" once the lawyer learns or it is obvious the lawyer "ought be to be called as a witness on behalf of the client . . . ." required that Mr. Culp be disqualified from participating "as counsel in the conduct of the trial, including in the taking of or appearance at depositions." (September 12, 2003 Ruling at 13). Mr. Culp "remain[ed] an attorney [of record on the docket] who should receive service of motions, orders and other papers required to be served on counsel for a party" and was expressly allowed to perform "the role of an appellate specialist assisting trial counsel" as Mr. Culp had agreed to do in his engagement letter. (*Id.*) (quoting Pl. Ex. C in original motion papers). Under the engagement agreement Mr. Driscoll is trial counsel. Though Mr. Culp's trial role under the terms of

---

1. See LR 83.2(g) (West 2003). *Compare* LR 83.2(g)(1) (West 2007) (adopting, effective January 1, 2006, the Iowa Rules of Professional Conduct).

the agreement is limited, from the affidavits and hearing in connection with the present motion it appears Mr. Culp has been providing substantial assistance to Mr. Driscoll in preparation for trial in terms of both work and resources. (Pl. Motion App. Ex. G, H). As Mr. Culp and Mr. Driscoll presented it at hearing, Mr. Driscoll became involved with the understanding Mr. Culp would do the lion's share of the work in putting the case together for trial.

■ A dispute has arisen between Mr. Williams and HAI about whether Mr. Culp may review confidential documents produced in discovery, and assist Mr. Driscoll in preparing for depositions including the preparation of other witnesses for their depositions. By the present motion HAI asks the Court to enter an order barring Mr. Culp from these activities. Mr. Williams resists, arguing that because of Mr. Culp's important pretrial role such an order would make it very difficult for him to go forward with the case. The Court will clarify the September 12 Ruling, but not in the manner requested by HAI. The Court intended that Mr. Culp be disqualified only from appearing and participating at trial as counsel for Mr. Williams, and from appearing at or taking depositions, a result reinforced by recent changes in Iowa's ethical rules for lawyers.

In the interim since the September 12 Ruling, the Iowa Supreme Court has abandoned the ICPRL on which the ruling was based. Iowa had continued to apply the professional standards in the American Bar Association's ("ABA") Model Code of Professional Responsibility (Model Code), including its advocate-witness rules found in ICPRL DR 5–101(D) and DR 5–102, long after the Model Code had been superceded by the ABA's Model Rules of Professional Conduct ("Model Rules"). Effective July 1, 2005, the Iowa Supreme Court adopted the Iowa Rules of Professional Conduct ("IRPC")based on the Model Rules. Rule 3.7 is the Model Rules' version of the advocate-witness rule. It was adopted in Iowa without substantial change as IRPC Rule 32:3.7.[2] The rule provides in relevant part: "A lawyer shall not *act as advocate at a trial* in which the lawyer is likely to be a necessary witness" subject to three exceptions, none of which is applicable here. IRPC 32:3.7(a)(emphasis added).[3] "[O]n its face [the rule] does not apply to pretrial proceedings...." *Droste v. Julien,* 477 F.3d 1030, 1036 (8th Cir.2007). The comment to the rule, also adopted by the Iowa Supreme Court, states a principal purpose is to avoid confusing or misleading the trier of fact, or prejudicing an opposing party when it "may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof." *Id.,* cmt. [2]. For its part the ABA has said that "[u]nlike its Model Code predecessor,

**2.** There is no Model Rules counterpart to former ICPRL DR 5–101(D). The Model. Rules advocate-witness rule is more lenient than the Model Code as indeed HAI recognized in its original Motion to Disqualify (June 6, 2003 Motion to Disqualify at 7 n. 6).

**3.** While there is some authority that a lawyer is a "necessary witness" only if the lawyer is the only one available to testify on the subject. *See Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.,* 463 F.3d 827, 833 (8th Cir.2006)(applying Missouri law), as indicated at hearing, the Court believes the words "necessary witness" should be given a practical construction in terms of the importance of the lawyer's testimony to establishing a material fact rather than the sufficiency of the evidence in the absence of the lawyer's testimony. By this standard Mr. Culp is a necessary witness as he is the only witness who can back up Mr. Williams' version of what was said at the meeting. For the purposes of the present motion, Mr. Williams does not argue otherwise.

Rule 3.7 applies only to representation at trial." Annotated Model Rules of Professional Conduct 387 (5th ed. 2003) ("Annotated Model Rules"). In 1989 the ABA's Standing Committee on Ethics and Professional Responsibility opined informally:

> A lawyer who anticipates testifying as a witness on a contested issue at trial may represent a party in discovery and other pretrial proceedings provided the client consents after consultation and the lawyer reasonably believes that the representation will not be adversely affected by the lawyer's own interest in the expected testimony.

ABA Informal Ethics Op. 89–1529 (1989). Most of the cases have followed along, holding "a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *Droste*, 477 F.3d at 1035 (quoting *DiMartino v. Eighth Jud. Dist. Ct.*, 119 Nev. 119, 66 P.3d 945, 946 (2003)); *see Culebras Enter. Corp. v. Rivera–Rios*, 846 F.2d 94, 100 (1st Cir. 1988); *Main Events Prod., LLC v. Lacy*, 220 F.Supp.2d 353, 356 (D.N.J.2002) (citing cases).[4]

■ There is no risk of confusing or misleading the fact-finder to the prejudice of defendants if Mr. Culp is disqualified only from acting as trial counsel for Mr. Williams, including the taking of or appearance at depositions,[5] as he will not be going back and forth from counsel table to the witness stand. See *Droste*, 477 F.3d at

1035. HAI nonetheless argues the risk of "conforming testimony" and the "blurring [of Mr. Culp's] dual role of advocate and witness with a consequent determent to the perceived integrity of the judicial process" warrant walling off Mr. Culp from confidential documents and deposition preparation. This argument is unpersuasive for several reasons. First, the only basis on which HAI has sought to disqualify Mr. Culp is an ethical one. While the ethical rules governing lawyers are not statutory or the exclusive basis for disqualification, there is no reason to disqualify Mr. Culp apart from the ethical rules and the applicable rule does not support isolating him from confidential documents or deposition preparation. Second, Mr. Culp was a witness to a discrete event, a meeting occurring nearly five years ago at which certain statements were allegedly made. Undoubtedly, by now Mr. Culp and Mr. Williams are thoroughly aware of the other's recollection of what was said at the meeting. Mr. Culp and one of the HAI attorneys present took contemporaneous notes which have been disclosed, and all present at the meeting are on record with affidavits describing what was said. (Pl. Motion App. Exs. B, I, K, L, N & O). That Mr. Culp's (or Mr. Williams') recollection about what occurred at the meeting would be altered five years on by Mr. Culp's access to confidential documents or his assistance in preparing other witnesses

---

4. *Rivera–Rios, Lacy*, and the Informal Ethics Opinion quoted above are all cited as authoritative in the Annotated Model Rules. The case law is not uniform, however. See *Eon Streams, Inc. v. Clear Channel Commun., Inc.*, 2007 WL 954181, *5 (E.D.Tenn.2007); *Freeman v. Vicchiarelli*, 827 F.Supp. 300, 303–04 & n. 3 (D.N.J.1993).

5. Though the point is arguable under the Model Rules, the Court continues to believe it is appropriate to disqualify Mr. Culp from conducting or appearing at depositions. Depositions may be offered into evidence at trial

and if Mr. Culp is the one taking the deposition, or appears at the deposition to defend or for some other purpose, there is a risk that the offer of the deposition at trial would reveal Mr. Culp's dual role to the fact-finder, thus implicating the concern over fact-finder confusion at the heart of the advocate-witness rule. See *Droste*, 477 F.3d at 1036 (citing *World Youth Day, Inc. v. Famous Artists Merchandising Exc., Inc.*, 866 F.Supp. 1297, 1303–04 (D.Colo.1994)); *General Mill Supply Co. v. SCA Servs., Inc.*, 697 F.2d 704, 716 (6th Cir.1982).

for depositions seems very improbable. Third, the Court is not convinced that the integrity of the judicial process is imperiled if Mr. Culp serves in the dual role of an advocate and witness so long as he is not an advocate at trial. Systemic integrity is subsumed by Rule 32:3.7 which was crafted with the integrity of the tribunal in mind. IRPC 32:3.7, cmt.[2], [3].[6] Mr. Culp's role as Mr. Williams' attorney at the meeting about which he will testify will be evident to the jury as well as his interest in supporting his client's recollection. He will be subject to cross-examination and the jury will evaluate his testimony as with any other witness. Extending the scope of his disqualification as HAI requests is not going to make him a more honest, objective witness. Finally, Mr. Culp has relied on Mr. Williams' assistance from the beginning and he evidently will play a key behind-the-scenes role in pretrial preparation. As the Eighth Circuit has recently reminded us:

> A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary.

*Macheca Transp.*, 463 F.3d at 833 (quoting *Banque Arabe Et Internationale D'Inves-*

*tissement v. Ameritrust Corp.*, 690 F.Supp. 607 (S.D.Ohio 1988)) (citing in turn *Melamed v. ITT Cont'l Baking Co.*, 592 F.2d 290, 293 (6th Cir.1979)). It is not absolutely necessary to expand the disqualification of Mr. Culp as HAI requests and to do so would result in a substantial hardship to Mr. Williams with respect to pretrial preparation of the case.[7]

Motion for clarification **granted in part.** Mr. Culp is disqualified only from representing Mr. Williams at trial and from taking or appearing at depositions of other witnesses. He is not disqualified from assisting in pretrial preparation, including reviewing confidential documents and documents disclosed only on an attorney's-eyes-only basis, interacting with defense counsel, and assisting in preparation for depositions.

 Mr. Williams' cross-motion for sanctions is **denied.** He argues strongly that the clarification motion is merely a baseless, below-the-belt tactic by HAI to gut his case which ought to be punished. Disqualification motions are subject to "particularly strict judicial scrutiny" because of their potential for abuse. *Harker v. Comm'r of Internal Revenue*, 82 F.3d 806, 808 (8th Cir.1996)(quoted authority

---

**6.** Citing *General Mill, supra* n. 5, HAI argues disqualification from "trial" should be viewed as incorporating pretrial involvement in preparing for depositions or reviewing confidential documents. Though the opinion is somewhat ambiguous (as the concurring and dissenting opinion noted) it does suggest an expansive view of what the ABA intended "trial" to mean in DR–102A of the Model Code. 697 F.2d at 716. In disqualifying Mr. Culp from representing Mr. Williams at depositions this Court agreed that depositions could be considered an extension of the trial process. To the extent *General Mill,* which was pre-Model Rules, might be read as holding the advocate-witness rule excludes the lawyer generally from pretrial involvement, the concurring and dissenting opinion points

out such a view goes beyond the historical justification for the rule. *Id.* at 717 (Engel, J., concurring in part and dissenting in part). It is also inconsistent with the weight of authority that has developed under the Model Rules' version of the advocate-witness rule and the ABA's pronouncements on the intended scope of disqualification under that rule.

**7.** In the September 12 Ruling the Court concluded disqualifying Mr. Culp from the conduct of the trial and appearance at depositions did not result in a substantial hardship because Mr. Driscoll was to be lead trial counsel. (September 12 Ruling at 12). Extending the scope of Mr. Culp's disqualification into the pretrial arena is another matter.

omitted). Mr. Williams' belief that HAI's clarification motion is abusive is understandable from his perspective. As the case has developed, the importance of Mr. Culp's involvement cannot have been lost on HAI. However, while Rule 32:3.7's text, articulated purpose, and the weight of case authority interpreting it do not support HAI,[8] its argument is not frivolous. The scope of Mr. Culp's disqualification set out in the September 12 Ruling to include "participat[ing] as counsel ... in the taking of depositions" and observation that non-party witnesses are generally not permitted to be present at the testimony of other witnesses arguably left room for the position HAI has taken. (September 12 Ruling at 12–13). Absent a basis to conclude that HAI acted with objective bad faith in bringing the clarification motion, the Court will not sanction.

Motion for Clarification [116] **granted in part as above,** Motion for Sanctions [127] **denied.**

IT IS SO ORDERED.

---

8. Notably neither HAI nor Mr. Williams referred to IRPC Rule 32:3.7 nor Iowa's adoption of the Model Rules in their motion papers.