An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES W. PENGILLY TRUST; CHARLES G. HALL, II & CHRISTINA J. HALL; LEE NEVADA TRUST; TINA LO; JACOB PRIMEAU; ANTHONY EUGENE RAH; HAYMAN PROPERTIES LLC; ULTRA INVESTMENTS, LLC; THOM A. ANTONOPOULOS; AUGUST W. CHANG; SARAH WILLEY; GARY M. FREY; MARIO ERNST; GZ SPENDTHRIFT TRUST; JBIZ HOLDINGS LLC; AND B2 LAW, LLC, Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELISSA F. CADISH, DISTRICT JUDGE, Respondents,
and
JOHN CHRISTOPHER STUHMER; MARK A. STUHMER; THE JCS FAMILY #2 TRUST; JCS FAMILY TRUST #2 UDA; C2 LOFTS, LLC; WEST CHARLESTON LOFTS I, LLC; WEST CHARLESTON LOFTS II, LLC; CHRISTOPHER COMMERCIAL, LLC; EXCELLENCE PROPERTY MANAGEMENT, LLC; DOUGLAS L. CROOK; DAVID STRICKLER; RACHELLE COOPER-MARTINEZ; KATHERINE S. FOLEY; ALAN MIKAL; BILL BLANCHARD; KENNETH R. SAILLEY; ERIKA GEISER; AND DEANNA WATTERSON, Real Parties in Interest.

No. 62865

**FILED**

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28020

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order disqualifying petitioners' counsel and a district court order denying reconsideration of that decision.

Real parties in interest filed a motion to disqualify James Pengilly and Pengilly's law firm, Pengilly Robbins Slater (PRS), from representing petitioners in the underlying lawsuit. As grounds for disqualification, real parties in interest contended that PRS's ability to represent petitioners would be materially limited by Pengilly's personal interest in the matter and that this was a violation of RPC 1.7.

The district court granted the motion, after which this court issued its opinion in *Liapis v. Second Judicial District Court*, 128 Nev. ___, 282 P.3d 733 (2012). PRS then filed a motion for reconsideration, contending that real parties in interest, none of whom had been clients of PRS, lacked standing to seek disqualification for an ostensible violation of RPC 1.7. The district court denied this motion, stating that *Liapis* confirmed the propriety of its disqualification order. Petitioners then filed this writ petition.

"A writ of mandamus is available to compel performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion." *Liapis*, 128 Nev. at ___, 282 P.3d at 736 (quotation omitted). A petition for mandamus relief is generally the appropriate means of challenging a district court order regarding attorney disqualification. *Id.*

Having considered the district court's reasoning for disqualification under RPC 1.7, we conclude that the district court

manifestly abused its discretion and that writ relief is appropriate. *Id.* Although the district court recognized that nonclients generally lack standing to bring a motion to disqualify based on an ostensible violation of RPC 1.7, it nevertheless concluded that real parties in interest had standing to bring their disqualification motion based on the following exception set forth in *Liapis*: "if *the breach of ethics* so infects the litigation . . . that it impacts the nonclient moving party's interest in a *just and lawful determination* of [its] claims, [the nonclient] may have the standing needed to bring a motion to disqualify." *Liapis*, 128 Nev. at ___, 282 P.3d at 737 (emphases added) (quotation and alterations omitted). Thus, for real parties in interest to have standing to seek PRS's disqualification, they would have needed to show that there was a "breach of ethics" on Pengilly's or PRS's part and that this breach impacted the ability of real parties in interest to obtain a "just and lawful determination" of the claims asserted against them. *Id.*

Here, the district court's disqualification order alluded to three ostensible ethical breaches: (1) a violation of RPC 1.7 based upon PRS's failure to obtain conflict waivers from petitioners demonstrating that petitioners understood the potential for a lack of objectivity due to Pengilly's personal interest in the matter, (2) a violation of RPC 1.8 based upon Pengilly's alleged desire to use the underlying litigation as a means of replacing real parties in interest with a new board of directors, and (3) a violation of RPC 3.7 based upon the likelihood that Pengilly would be called as a witness at trial. While we question the district court's

conclusion that these three matters constituted ethical breaches,[1] there is no evidence to suggest that real parties in interest will be unable to obtain a "just and lawful determination" of the claims asserted against them. *Liapis*, 128 Nev. at ___, 282 P.3d at 737. Pengilly and PRS are bound by the same court rules and rules of civil procedure as any other law firm. Similarly, if petitioners' claims turn out to be frivolous or brought in bad faith, or if PRS improvidently rejects a settlement offer, real parties in interest have remedies at their disposal. *See, e.g.*, NRS 18.010(2)(b); NRS 17.115(4).

Because real parties in interest cannot establish that they have standing to seek PRS's disqualification based simply on their concern that PRS will pursue petitioners' claims more zealously than another law firm would, we conclude that the district court manifestly abused its discretion by granting real parties in interest's motion to disqualify PRS

---

[1]Specifically, after the district court issued its disqualification order, Pengilly and PRS obtained conflict waivers from each of the petitioners. *See* RPC 1.7(b) (permitting representation under these circumstances). Similarly, the possibility that Pengilly would use the underlying lawsuit as a means of replacing the current directors in order to have PRS take over as counsel in an ongoing construction defect lawsuit does not appear to fall within the conduct prohibited by RPC 1.8. *See* RPC 1.8(i) ("A lawyer shall not acquire a *proprietary interest* in *the cause of action* or subject matter of litigation the lawyer is conducting for a client . . . ." (emphases added)). Finally, while RPC 3.7 prohibits a lawyer from acting as an advocate at trial if the lawyer is a necessary witness, Pengilly and PRS did not violate this rule by representing petitioners at the pretrial stage. *See Liapis*, 128 Nev. at ___, 282 P.3d at 739 ("'[A] lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage.'" (quoting *DiMartino v. Eighth Judicial Dist. Court*, 119 Nev. 119, 121, 66 P.3d 945, 946 (2003))).

based on a perceived violation of RPC 1.7. *Liapis*, 128 Nev. at ___, 282 P.3d at 736. We therefore conclude that writ relief is appropriate, and we direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its disqualification order and its order denying reconsideration.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Elissa F. Cadish, District Judge
Pengilly Robbins Slater
Parker, Nelson & Associates
Alan Mikal
Leach Johnson Song & Gruchow
The Hayes Law Firm
David Strickler
Deanna Watterson
Rachelle Cooper-Martinez
Eighth District Court Clerk