# IN THE SUPREME COURT OF THE STATE OF NEVADA

PRACTICE MANAGEMENT
SOLUTIONS, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
GUADALUPE MEDICAL
CENTER/OKAMOTO, M.D., P.C., A
NEVADA PROFESSIONAL
CORPORATION; CECILIA STRIEBER,
AN INDIVIDUAL; FREDDY ALDANA,
SR., AN INDIVIDUAL; AND RAFAEL
OKAMOTO, M.D., AN INDIVIDUAL,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
and
GUADALUPE MEDICAL
CENTER/ALVARADO, M.D., P.C., A
NEVADA PROFESSIONAL
CORPORATION; AND ISRAEL
ALVARADO, M.D., AN INDIVIDUAL,
Real Parties in Interest.

No. 68901

**FILED**

MAY 1 0 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus or prohibition challenges a district court order disqualifying attorney Richard Haskin and his firm, Gibbs, Giden, Locher, Turner, Senet & Wittbrodt, LLP, from acting as petitioners' counsel.

*Facts*

After working at the Guadalupe Medical Center for several years, real party in interest Dr. Israel Alvarado became the sole owner of the Guadalupe Medical Center. He was also an officer and a director, and the company's name was changed to Guadalupe Medical Center/Alvarado. Guadalupe Medical Center/Alvarado was managed by petitioner Cecilia Strieber and others through their company Practice Management Solutions, LLC (PMS). Strieber and Alvarado later entered into an option agreement, drafted by Haskin, permitting Strieber to purchase all of Alvarado's shares in Guadalupe Medical Center/Alvarado. When drafting the option agreement and other agreements between the parties, Haskin represented Guadalupe Medical Center/Alvarado.

Strieber assigned the option agreement to petitioner Dr. Rafael Okamoto, who exercised it, thus acquiring all of the stock of Guadalupe Medical Center/Alvarado. New officers and directors were elected and appointed, and the company was renamed Guadalupe Medical Center/Okamoto. Alvarado and Guadalupe Medical Center/Alvarado then sued, asserting, among other things, that Alvarado was fraudulently induced to enter into the option agreement.

Petitioners retained Haskin and Gibbs Giden to defend them, and Alvarado moved to disqualify under RPC 1.6, because Haskin and Gibbs Giden allegedly possess some of Guadalupe Medical Center/Alvarado's and/or Alvarado's confidential information; under RPC 1.7, 1.9, and 1.10, because Haskin and Gibbs Giden previously represented Guadalupe Medical Center/Alvarado, giving rise to a conflict of interest; and under RPC 3.7(a), because Haskin and other persons at Gibbs Giden may be witnesses in this matter. The district court disqualified Haskin

 

and Gibbs Giden on these bases, and this writ petition followed. Real parties in interest have filed an answer, and petitioners have filed a reply.

*Discussion*

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court has the discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "We have previously indicated that a petition for mandamus relief generally is an appropriate means to challenge district court orders regarding attorney disqualification" because there exists no right to appeal from a disqualification order. *Liapis v. Second Judicial Dist. Court*, 128 Nev. 414, 418, 282 P.3d 733, 736 (2012). Therefore, we exercise our discretion to consider this writ petition.

Initially, the district court's order is unclear regarding which standard the court applied. While the order correctly noted that the appearance of impropriety standard is no longer applicable to attorney disqualification issues and this matter was analyzed for actual violations of the rules of professional conduct (RPC), in the end the district court found that Haskin's and Gibbs Giden's disqualification was warranted "to avoid the appearance of impropriety." An appearance of impropriety is not the correct standard. *Id.* at 419, 282 P.3d at 737 ("[A]n appearance of impropriety by itself does not support a lawyer's disqualification." (quotation marks omitted)). Rather, an attorney may be disqualified only if an actual RPC violation exists. *See id.* It is unclear from the record, however, whether, in the unique circumstances of this case, any conflict or

other violations of the RPC warrant Haskin's and Gibbs Giden's disqualification.

> *Prior to analyzing the applicable rules, the district court must first examine whether Alvarado has standing to act for Guadalupe Medical Center/Alvarado and assert RPC violations on its behalf*

Before considering whether an attorney should be disqualified, a court must address whether a party has standing to seek disqualification. *Id.* at 420, 282 P.3d at 737. Standing is generally founded on a current or former attorney-client relationship, and "[t]he party seeking to disqualify bears the burden of establishing that [he] has standing to do so." *Id.*

> *Alvarado lacks standing because he has been divested of his shares in Guadalupe Medical Center/Alvarado*

The district court based disqualification on the attorney-client relationship between Guadalupe Medical Center/Alvarado and Haskin and Gibbs Giden, assuming Alvarado's authority to act for Guadalupe Medical Center/Alvarado.[1] But the amended complaint alleged, and the district court found, that the option agreement effected a share transfer from Alvarado to Okamoto.[2] Thus, Alvarado has been divested of his ownership of Guadalupe Medical Center/Alvarado and is a former, not a current, shareholder, officer and director. As a result, Alvarado lacks authority to

---

[1]It is undisputed that Haskin and Gibbs Giden did not render services to Alvarado in his individual capacity.

[2]Whether Guadalupe Medical Center/Okamoto is the same entity as Guadalupe Medical Center/Alvarado, is the successor to that entity, or some other relationship between the two entities exists is irrelevant to the current inquiry; the relevant allegation in the amended complaint is that the exercised option agreement transferred 100 percent of the shares of Guadalupe Medical Center/Alvarado from Alvarado to Okamoto.

act for Guadalupe Medical Center/Alvarado and, thus, has not demonstrated that he currently has standing to protect its allegedly confidential information, to assert its conflicts, or to cause it to sue petitioners.[3] NRCP 23.1; *Cohen v. Mirage Resorts, Inc.*, 119 Nev. 1, 19, 62 P.3d 720, 732 (2003) ("Because a derivative claim is brought on behalf of the corporation, a former shareholder does not have standing to assert a derivative claim. A former shareholder does, however, have standing to seek relief for direct injuries that are independent of any injury suffered by the corporation." (citations omitted)); *see also Bottoms v. Stapleton*, 706 N.W.2d 411, 415, 419 (Iowa 2005) (noting that "a court must also be vigilant to thwart any misuse of a motion to disqualify for strategic reasons," and declining to disqualify counsel representing a limited liability company and one of its shareholders in an action by the other shareholder that alleged only personal, not derivative, claims); *Xavier v. Bumbarner & Hubbell Anesthesiologists*, 923 S.W.2d 428, 432 (Mo. Ct. App. 1996) (noting that a former shareholder of a dissolved corporation did not have standing to assert a claim on behalf of the dissolved corporation that the other shareholders interfered with the relationships between the dissolved corporation and its clients).

---

[3]"It is well settled that a corporation can act only through its agents." *Smith's Food & Drug Ctrs., Inc. v. Bellegarde*, 114 Nev. 602, 608, 958 P.2d 1208, 1212 (1998) (citing *Edwards v. Carson Water Co.*, 21 Nev. 469, 485, 34 P. 381, 386 (1893)), *overruled on other grounds by Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 745-46, 192 P.3d 243, 256-57 (2008). Aside from alleging that he was an owner, officer or director of Guadalupe Medical Center/Alvarado, Alvarado does not allege that he was otherwise vested with the authority to assert Guadalupe Medical Center/Alvarado's confidential information or conflicts.

*Alvarado did not provide sufficient factual allegations, evidence, or argument to demonstrate that he has standing based on the option agreement's invalidity*

We recognize that the validity of the option agreement, and thus the ownership of the Guadalupe Medical Center, is an issue central to the underlying litigation. But the bare allegation, devoid of supporting facts, that the option agreement was fraudulently induced (or, as in the disqualification motion, void ab initio) is insufficient to establish Alvarado's standing to seek Haskin's and Gibbs Giden's disqualification by asserting Guadalupe Medical Center/Alvarado's confidential information or conflicts. In other words, in an attorney disqualification motion, the movant is not entitled to a presumption that he will prevail upon his causes of action because the movant has the burden to provide factual allegations, evidence, or argument sufficient to support disqualification. *Waid v. Eighth Judicial Dist. Court*, 121 Nev. 605, 611, 119 P.3d 1219, 1223 (2005) ("[T]he inquiry into whether an attorney-client relationship has been established is very fact-specific . . . ."); *Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205, 14 P.3d 1266, 1270 (2000) ("To prevail on a motion to disqualify opposing counsel, the moving party must first establish at least a reasonable possibility that some specifically identifiable impropriety did in fact occur, and then must also establish that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." (quotation marks omitted)); *see also United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979) ("An attorney may be disqualified only when there is a reasonable possibility that some specifically identifiable impropriety actually occurred and, in light of the interests underlying the standards of ethics, the social need for ethical

SUPREME COURT
OF
NEVADA

(O) 1947A

6

practice outweighs the party's right to counsel of his choice." (quotation marks omitted)); *Nuri v. PRC, Inc.*, 5 F. Supp. 2d 1299, 1304 (M.D. Ala. 1998) (collecting applicable cases and noting that "disqualification is always a drastic measure, which courts should hesitate to impose except when absolutely necessary" and that specific facts must be alleged to support disqualification).

In the underlying matter, Alvarado alleged in his ninth cause of action that the option agreement was fraudulently induced, but he alleged minimal factual support for that cause of action. Similarly, in his motion to disqualify and his declaration attached thereto, Alvarado did not address whether the option agreement was fraudulently induced. Therefore, Alvarado did not meet his burden in the district court of sufficiently demonstrating the invalidity of the option agreement, which would establish his standing to seek disqualification based on Guadalupe Medical Center/Alvarado's confidential information and conflicts. While Alvarado did argue in his motion that the option agreement was void ab initio based on NRS 89.040 and NRS 89.070, the district court did not base its order on this argument. We decline to consider whether this argument has sufficient merit to warrant a finding that Alvarado does have standing, without prejudice to Alvarado's ability to re-raise this issue in the district court.[4]

---

[4]While we have held that doubts about an attorney's disqualification "should generally be resolved in favor of disqualification," *Brown*, 116 Nev. at 1205, 14 P.3d at 1270, this assumes that the moving party has presented sufficient facts demonstrating that disqualification is a close call. *See Waid*, 121 Nev. at 610-11, 119 P.3d at 1223; *see also Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. 1996) (indicating that while "the moving party has a high standard of proof to
*continued on next page...*

*The district court did not base its order on Alvarado's alternative arguments*

Alvarado also argues, among other things, that even if he lacks standing to seek Haskin's and Gibbs Giden's disqualification by asserting Guadalupe Medical Center/Alvarado's confidential information and conflicts, Alvarado himself has standing to seek to disqualify Haskin and Gibbs Giden based on either (a) the fact that he was the sole shareholder of Guadalupe Medical Center/Alvarado when Haskin and Gibbs Giden represented it, or (b), under *Liapis*, Haskin's and Gibbs Giden's "breach of ethics so infects the litigation in which disqualification is sought that it impacts the nonclient moving party's interest in a just and lawful determination of [his] claims." 128 Nev. at 420-21, 282 P.3d at 737-38 (quotation marks omitted). And, while the district court found that Haskin and Gibbs Giden did not represent Alvarado, it did not make any findings as to whether they possess confidential information belonging solely to Alvarado, such that RPC 1.6 requires their disqualification. We decline to consider these arguments without prejudice to Alvarado's ability to raise them in the district court, because the district court did not make any findings of fact or conclusions of law concerning these arguments.

---

*...continued*

meet in order to prove that counsel should be disqualified[,] . . . in a close case the trial court should . . . resolve all doubts in favor of disqualification." (citation omitted)). This matter is not a close case because Alvarado has been divested of his shares of Guadalupe Medical Center/Alvarado and did not provide in his motion to disqualify specific facts establishing "at least a reasonable possibility" that his contentions that the option agreement was invalid have merit. *Brown*, 116 Nev. at 1205, 14 P.3d at 1270 (quotation marks omitted).

Alvarado's failure to demonstrate that he has standing to seek disqualification under RPC 1.6, 1.7, 1.9, and 1.10 based on Guadalupe Medical Center/Alvarado's confidential information and conflicts warrants writ relief and vacation of the district court's order. This lack of standing does not affect RPC 3.7(a), however, and we address that rule separately.

*RPC 3.7 does not warrant disqualification for pretrial proceedings*

RPC 3.7(a) provides, in relevant part, that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Because Haskin is likely to be a witness in the underlying matter, Alvarado has standing to assert RPC 3.7(a) and seek Haskin's disqualification. We have previously held, however, that RPC 3.7(a) "does not mandate complete disqualification of an attorney who may be called as a witness"; rather, it merely prevents the lawyer "from appearing as trial counsel." *DiMartino v. Eighth Judicial Dist. Court*, 119 Nev. 119, 121, 66 P.3d 945, 946 (2003) (quotation marks omitted); *see also Liapis*, 128 Nev. at 423, 282 P.3d at 739. The concern is that the lawyer's appearance as a witness and as an advocate may confuse the jury, and this concern is not present in pretrial proceedings, even where the attorney is giving sworn statements to the district court. *DiMartino*, 119 Nev. at 122, 66 P.3d at 947 (qualifying the lawyer's ability to represent a client in pretrial proceedings by noting that "the lawyer may not appear in any situation requiring the lawyer to argue his own veracity"). Because this conflict is personal to an attorney, it generally "does not mandate the vicarious disqualification of the lawyer's firm." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1995). Thus, this conflict does not

warrant Haskin's disqualification from pretrial proceedings and does not warrant Gibbs Giden's disqualification. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its September 9, 2015, Order Granting Plaintiffs' Motion to Disqualify Defendants' Counsel and to reconsider the motion to disqualify in light of this order.[5]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Douglas Smith, District Judge
       Gibbs Giden Locher Turner Senet & Wittbrodt LLP
       Hutchison & Steffen, LLC
       Eighth District Court Clerk

_____

[5]Because the district court was acting within its jurisdiction when it granted the motion to disqualify, we deny petitioners' alternative request for a writ of prohibition. NRS 34.320.