# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
and
KENNETH A. FRIEDMAN,
Real Party in Interest.

No. 80971

FILED

SEP 2/ 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus challenges the district court's order granting a motion to disqualify Chief Deputy District Attorney Elissa Luzaich from representing the State in the postconviction proceedings pending in this case.

Kenneth Friedman was convicted of aggravated stalking and open or gross lewdness, adjudicated a habitual criminal, and sentenced to life without the possibility of parole. During the proceedings on his fourth postconviction petition for a writ of habeas corpus, Friedman filed a motion to disqualify Luzaich from representing the State based on an alleged conflict of interest due to prosecutorial misconduct and a *Brady* violation[1]

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

and because she was a necessary witness. After hearing arguments,[2] the district court granted the motion to disqualify Luzaich from participating in the postconviction hearing and ordered she be screened from any participation in the case. The State challenges this decision.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). It is the appropriate vehicle to challenge an order granting a motion to disqualify an attorney. *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 49, 152 P.3d 737, 740 (2007). To demonstrate a manifest abuse or arbitrary or capricious exercise of discretion, a petitioner must demonstrate the challenged decision is contrary to the law or evidence or was based on preference or prejudice rather than on reason. *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780.

The State first argues that the district court abused its discretion in concluding that Luzaich should have been disqualified based on a conflict of interest. We agree. The district court concluded that Luzaich had a conflict because she might be subject to a civil lawsuit and monetary damages if Friedman successfully challenged the validity of his conviction. However, a conflict of interest cannot be based on something as speculative as what might happen if Friedman successfully litigated his

---

[2]The State waived a full evidentiary hearing on the motion.

fourth habeas petition seeking to invalidate his conviction. *See Liapis v. Second Judicial Dist. Court*, 128 Nev. 414, 420, 282 P.3d 733, 737 (2012) (observing that "speculative contentions of conflict of interest cannot justify disqualification of counsel" (internal quotations and citations omitted)); *see also United States v. Kahre*, 737 F.3d 554, 574 (9th Cir. 2013) ("[P]roof of a conflict must be clear and convincing to justify removal of a prosecutor from a case.").[3] A prosecutor may defend a conviction from collateral attack, *see* NRS 34.730(2)(b) (acknowledging that a district attorney in the county in which the petitioner was convicted is the proper party when the petition challenges the validity of the judgment of conviction), and a prosecutor is not required to be neutral but is "permitted to be zealous in their enforcement of the law." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980).[4]

---

[3]Friedman notes that in a federal civil rights action, a court determined that Luzaich was not entitled to qualified immunity and had violated Friedman's rights in obtaining a DNA sample. *Friedman v. Boucher*, 580 F.3d 847, 859-60 (9th Cir. 2009). However, Friedman does not address the outcome of that litigation or provide cogent argument that it gives rise to a disqualifying conflict of interest. Instead, Friedman points to another federal action that he says is pending (case no. 2:19-cv-00705). The State, however, has presented documentation showing that case was dismissed without prejudice on February 19, 2020, for Friedman to file an amended complaint by March 9, 2020. *Friedman v. Luzaich*, No. 2:19-cv-00705-APG-BNW, 2020 WL853513, *2 (D. Nev. 2020). Friedman does not address the dismissal. Regardless, the speculative outcome of a federal civil rights lawsuit is not a sufficient basis for determining that a prosecutor has a disqualifying conflict of interest.

[4]There may be instances where a prosecutor's partisanship may cross a line, but Friedman has not demonstrated impermissible partisanship. *See, e.g., Marshall*, 446 U.S. at 249 (recognizing "[a] scheme injecting a personal interest, financial or otherwise, into the enforcement process may

Even if this court recognized the continued vitality of the appearance-of-impropriety standard, *see State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 164, 321 P.3d 882, 886 (2014) (discussing the appearance-of-impropriety standard and determining that it does not apply when considering vicarious disqualification of a prosecutor's office), the disqualification of a public lawyer on this basis would only be allowed "if the appearance of impropriety is so extreme as to undermine public trust and confidence in the judicial system." *Liapis*, 128 Nev. at 419, 282 P.3d at 737; *see also People v. Eubanks*, 927 P.2d 310, 317 (Cal. 1996) (discussing a prosecutorial-disqualification statute, "whether the prosecutor's conflict is characterized as actual or only apparent, the potential for prejudice to the defendant—the likelihood that the defendant will not receive a fair trial—must be real, not merely apparent, and must rise to the level of a *likelihood* of unfairness."); *People v. Dekraai*, 210 Cal. Rptr. 3d 523, 553-54 (Ct. App. 2016) ("Recusal is not a mechanism to punish past prosecutorial misconduct. Instead, it is employed if necessary to ensure that *future* proceedings will be fair. Section 1424 [prosecutorial-disqualification] does not exist as a free-form vehicle through which to express judicial condemnation of distasteful, or even improper, prosecutorial actions." (internal quotations and citations omitted) (emphasis in original)). Friedman also did not demonstrate a conflict under RPC 1.11 (special

---

bring irrelevant or impermissible factors into the prosecutorial decision"); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (determining that a prosecutor has great discretion in charging except where it is "based upon an unjustifiable standard such as race, religion, or other arbitrary classification" (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962))).

conflict of interest for former and current government officers and employees) or any other professional-conduct rule addressing conflicts of interest, *see, e.g,* RPC 1.7 (conflict of interest: current clients); RPC 1.8 (conflict of interest: current clients: specific rules); RPC 1.9 (duties to former clients); RPC 1.12 (former judge, arbitrator, mediator or other third-party neutral); RPC 1.18 (duties to prospective client). The threat of a bar complaint or future civil litigation is likewise an insufficient basis for disqualification. *See Jefferson v. State*, 133 Nev. 874, 877-79, 410 P.3d 1000, 1003-04 (2017) (holding that a bar complaint against counsel would not, by itself, create a conflict of interest and recognizing that a civil lawsuit initiated by a defendant against his attorney would not create a conflict absent a demonstration of an actual conflict of interest); *United States v. Wencke*, 604 F.2d 607, 611 (9th Cir. 1979) ("There is no authority which would allow a defendant to disqualify a government attorney by merely alleging potential civil litigation. Similarly, threatening to file a grievance with a bar association against a United States Attorney does not constitute a conflict of interest requiring disqualification."). And while Friedman alleges a violation of his due process rights and a number of ethical obligations, these remain at this time simply allegations.[5]

---

[5]We note that contrary to Friedman's arguments about various ethical breaches providing a basis for disqualification, the guidelines for interpreting the rules make it clear that the violation of a rule does not necessarily require disqualification of a lawyer in pending litigation. RPC 1.0A(d) (guidelines for interpreting the Nevada Rules of Professional Conduct).

Second, the State argues that the district court abused its discretion in disqualifying Luzaich on the ground that she was a necessary witness pursuant to RPC 3.7. Rule 3.7 precludes a lawyer from acting as an advocate *at trial* when the lawyer is likely to be a necessary witness. In analyzing this provision, this court noted that "the rule is meant to eliminate any confusion and prejudice that could result if an attorney appears before a jury as an advocate and as a witness." *DiMartino v. Eighth Judicial Dist. Court*, 119 Nev. 119, 122, 66 P.3d 945, 947 (2003). There is no danger of such confusion in postconviction proceedings where a judge is the fact-finder. Thus, Rule 3.7 does not allow disqualification and screening of a lawyer who may be a witness in postconviction proceedings. *Id.* at 121, 66 P.3d at 946.[6]

Further, even assuming that Rule 3.7 applies in the postconviction context, it is not clear that Luzaich's testimony is necessary for Friedman to demonstrate actual innocence, which he must do to overcome the procedural bars to consideration of his substantive claims for relief (*i.e.*, *Brady* violations, prosecutorial misconduct, ineffective assistance of counsel).[7] *See Berry v. State*, 131 Nev. 957, 966, 363 P.3d 1148, 1154

---

[6]We further note that *DiMartino* does not require disqualification or screening even if an attorney is determined to be a necessary witness. 119 Nev. at 121-22, 66 P.3d at 946-47 (determining that Rule 3.7 does not mandate complete disqualification and holding that an attorney may act as an advocate in the pretrial stage).

[7]Friedman's arguments entangle his claims of actual innocence with his *Brady* and prosecutorial misconduct claims. Actual innocence requires a showing of factual innocence. *See Mitchell v. State*, 122 Nev. 1269, 1273-

SUPREME COURT
OF
NEVADA

(O) 1947A

(2015) (recognizing that actual innocence is a gateway to constitutional errors in a procedurally barred petition). As disqualification is a disfavored remedy, the district court should have considered whether Luzaich would need to be called as a witness at a hearing on actual innocence rather than whether she might be a necessary witness if the procedurally-barred grounds for relief are eventually considered on the merits. Under these circumstances, we conclude that the State met its burden and we grant the petition. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting the motion to disqualify Deputy District Attorney Elissa Luzaich.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                               Cadish

cc:    Hon. Jerry A. Wiese, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Saggese & Associates, Ltd.
       Eighth District Court Clerk

---

74, 149 P.3d 33, 36 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998).