NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2509-18T1

NOEMI ESCOBAR, Individually
and as Guardian for J.V., an Infant,

     Plaintiff-Respondent,

v.

DAVID A. MAZIE and
MAZIE SLATER KATZ &
FREEMAN, LLC,

     Defendants-Appellants,

v.

JOSE BETANCES,

     Third-Party Defendant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **August 8, 2019** |
| **APPELLATE DIVISION** |

Argued May 22, 2019 - Decided August 8, 2019

Before Judges Accurso, Vernoia and Moynihan.

On appeal from an interlocutory order of the Superior
Court of New Jersey, Law Division, Essex County,
Docket No. L-8329-17.

Adam M. Slater argued the cause for appellants
(Mazie Slater Katz & Freeman, attorneys; Adam M.
Slater and David Marc Freeman, on the briefs).

> Robert H. Solomon argued the cause for respondent (Nagel Rice LLP, attorneys; Bruce H. Nagel, Robert H. Solomon and Greg M. Kohn, on the brief).

The opinion of the court was delivered by

ACCURSO, J.A.D.

Defendants David Mazie and his law firm, Mazie Slater Katz & Freeman, LLC, appeal on leave granted by the Supreme Court[1] from a September 5, 2018 Law Division order disqualifying Mazie and every attorney at Mazie Slater, other than Adam Slater, from representing either Mazie or the firm in depositions or trial of a malpractice action brought against them by plaintiff Noemi Escobar, their former client. We reverse.

Although the malpractice complaint was filed in November 2017, motion practice directed to the complaint resulted in very little, if any, discovery having occurred by the time the disqualification order was entered the following September. Accordingly, the facts are not well developed. What we know is that defendants represented plaintiff in a representative capacity in a civil suit against the State of New Jersey and two of its employees as well as two hospitals and several other individuals for catastrophic injuries to her

---

[1] We denied defendants' motion for leave to appeal on October 15, 2018. The Supreme Court granted defendants' motion for leave to appeal our order on February 8, 2019, and summarily remanded the matter to us for consideration on the merits. Escobar v. Mazie, 236 N.J. 593 (2019).

infant grandson at the hands of his father. N.E. for J.V. v. State Dep't of Children & Families, Div. of Youth & Family Servs., 449 N.J. Super. 379, 383-84 (App. Div. 2017). After plaintiff settled her claims against the private entities for $7,000,000, a jury found the State 100 percent liable for the baby's injuries and awarded her $165,972,503.[2] Id. at 384-85, 87. The court denied the State's motion for new trial and judgment notwithstanding the verdict, and the State appealed. Id. at 387.

While the appeal was pending in this court, the State, which had argued qualified immunity in the trial court, made efforts to settle the case. The parties engaged the services of a mediator, and the State reportedly made different offers to settle, including a cash offer of $10,000,000 made after argument. After plaintiff rejected all of the State's settlement offers, we reversed the judgment, finding the State employees entitled to qualified immunity, N.J.S.A. 59:3-3. N.E. 449 N.J. Super. at 408. The Supreme Court subsequently denied plaintiff's petition for certification. N.E. v. State, Dep't of Children & Families, 231 N.J. 214 (2017).

The gist of the malpractice claim against defendants is that they failed to properly advise plaintiff of the risks on appeal, rendering her unable to make

---

[2] The trial court judge reduced that judgment to $102,630,435.25 on motion for remittitur. N.E., 449 N.J. Super. at 387.

an informed decision about settlement.  Plaintiff also takes issue with the retainer agreement, claims Mazie took disbursements for general overhead not legally permissible and failed to file suit on her individual behalf.  Defendants counterclaimed for contribution and indemnification in the event of a judgment in the minor's favor.

Defendants were represented initially in this malpractice action solely by counsel appointed by their malpractice carrier.  In January 2018, however, Mazie Slater partner Adam Slater also entered an appearance on behalf of defendants, prompting plaintiff to move to disqualify defendants from representing themselves in defense of her affirmative claims and on any counterclaim.

Plaintiff argued that Mazie and the attorneys at Mazie Slater would be necessary witnesses at trial, and thus New Jersey Rule of Professional Conduct 3.7 barred their participation as counsel for defendants in any phase of the litigation.  Plaintiff contended any hardship to defendants by such a ruling was "non-existent," because they were already represented by well-qualified counsel.  Defendants countered that they had a right to represent themselves in any phase of the case, and because RPC 3.7 is expressly limited to lawyers acting as advocates at trial, it was premature to preclude any Mazie Slater lawyer from acting as counsel for defendants in any event.  Defendants further

A-2509-18T1

argued that because the case centered on "the nature and value" of their legal services to plaintiff, the exception in RPC 3.7(a)(2) applied as well.

After hearing argument, the trial court judge entered an order granting plaintiff's motion to disqualify all attorneys at Mazie Slater with the exception of Adam Slater, who certified he had no involvement in the underlying matter, from appearing at trial or at any deposition in this case on behalf of Mazie or Mazie Slater. The court further ordered that defendants could apply to have Mazie Slater attorneys, including those joining the firm after its representation of plaintiff ended, appear at trial or depositions "upon a showing that such attorneys did not have a substantial role" in the firm's prior representation of plaintiff.

The trial court judge acknowledged the text of RPC 3.7 addresses only "the appearance of a lawyer as an advocate at trial as opposed to other proceedings in the case." Nevertheless, relying on Judge Debevoise's opinion in Main Events Productions v. Lacy, 220 F. Supp. 2d 353 (D.N.J. 2002), the judge determined that depositions are "close enough to the trial proceeding . . . that it gives rise to the same underlying purpose of the rule of avoiding jury confusion and sorting out what role the lawyer/witness is playing to warrant [disqualification]."

A-2509-18T1

The judge rejected defendants' argument that they could appear pro se in the action because "in this case that isn't the circumstance that we have here, there is counsel that the firm has retained to act on its behalf." The judge also rejected defendants' argument that the exception for testimony relating "to the nature and value of legal services rendered in the case" applied, finding it was directed to the billings in a case "as opposed to something of this nature, where the issue is the quality of the legal services that were rendered."

We review a decision to disqualify counsel de novo. City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010). Although "a person's right to retain counsel of his or her choice is limited in that 'there is no right to demand to be represented by an attorney disqualified because of an ethical requirement,'" Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988) (quoting Reardon v. Marlayne, Inc., 83 N.J. 460, 477 (1980)), disqualification motions are, nevertheless, viewed skeptically in light of their potential abuse to secure tactical advantage, see ibid.; Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB, 944 F. Supp. 341, 345 (D.N.J. 1996).

RPC 3.7 states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> > (1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or RPC 1.9.

The American Bar Association comment[3] to RPC 3.7, the "advocate-witness rule," notes that "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party." Model Rules of Prof'l Conduct R. 3.7 cmt. 1 (2018). Because "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others," the jury may not understand "whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Id. at cmt. 2.

As Judge Debevoise explained in Main Events, "RPC 3.7(a) is a prohibition only against acting as an 'advocate at a trial.'" 220 F. Supp. 2d at 356. Indeed, in that case Judge Debevoise reversed a magistrate judge's ruling

---

3   See Introduction to the 1984 Rules of Professional Conduct, directing readers to the official ABA Comments "[f]or assistance in interpreting these rules," reprinted in Kevin H. Michaels, New Jersey Attorney Ethics, Appendix A2 at 1281 (2018); In re Op. No. 17-2012 of the Advisory Comm. on Prof'l Ethics, 220 N.J. 468, 478 (2014) ("The official ABA comments to the RPCs can assist in interpreting them.").

disqualifying a lawyer from participating in pre-trial matters. Id. at 357. The judge rejected the magistrate judge's reliance on Freeman v. Vicchiarelli, 827 F. Supp. 300 (D.N.J. 1993), a case plaintiff relies on here, holding that RPC 3.7 applies to all pre-trial activity, because Freeman was predicated on "older versions of the advocate witness rule found in the Disciplinary Rules of the Code of Professional Responsibility," replaced by the RPCs in 1984, and "is at odds with the clear language of RPC 3.7." Main Events, 220 F. Supp. 2d at 356.

We agree that RPC 3.7 is a rule addressed only to a lawyer acting as an advocate at trial. Accordingly, the trial court judge erred in relying on it to bar all Mazie Slater lawyers from representing defendants at depositions or in any other pre-trial matters. The judge overread Main Events to hold "that other proceedings in the case," such as depositions, "might so closely resemble the trial as to also implicate the rule." The holding in Main Events is exactly to the opposite. Id. at 356-57.

In referring to pre-trial proceedings that might implicate RPC 3.7, Judge Debevoise was referring not to depositions, but to a pre-trial evidentiary hearing where the attorney would testify. Id. at 357. Although noting "[t]he better rule would probably be to treat the hearing as if it were a trial" and have other counsel represent the client, the judge was also careful to state his

"decision does not address" that "intermediate situation." Ibid. While it is likely no one would have been better qualified than Judge Debevoise[4] to speculate on what might be "[t]he better rule," it is not the rule and, more important, we are not confronted here with a pre-trial evidentiary hearing. Depositions, even de bene esse depositions, simply do not pose the same risk of jury confusion as trial testimony by a lawyer in the cause, and certainly none that could not be effectively addressed by the court pursuant to its inherent power to control the proceedings. See N.J.R.E. 611(a); Horn v. Vill. Supermarkets, Inc., 260 N.J. Super. 165, 175 (App. Div. 1992).

Accordingly, we agree with defendants that any decision to disqualify any Mazie Slater lawyers based on RPC 3.7 at this stage of the proceeding was premature. We offer the following for guidance in the event the motion is renewed in advance of trial.

RPC 3.7 prohibits a lawyer, with certain exceptions, from acting as an advocate at a trial in which the lawyer will likely be a "necessary witness." Our Supreme Court has cautioned that the conclusion as to disqualification in a given case "can be reached only after 'painstaking analysis of the facts and

---

[4] Judge Debevoise chaired the committee appointed by our Supreme Court in 1982 to review the ABA's proposed Model Rules of Professional Conduct and recommend to the Court whether they should be adopted in New Jersey in whole or part, thereafter commonly referred to as "the Debevoise Committee." See A. v. B., 158 N.J. 51, 59 (1999).

precise application of precedent.'" Reardon, 83 N.J. at 469 (quoting United States v. Standard Oil Co., 136 F. Supp. 345, 367 (S.D.N.Y. 1955)).

The ABA annotated comments to RPC 3.7 instruct "[a] 'necessary' witness under Rule 3.7 is one whose testimony is unobtainable elsewhere." Annotated Model Rules of Prof'l Conduct R. 3.7 (2019); see also Finkel v. Frattarelli Bros., Inc., 740 F. Supp. 2d 368, 375 (E.D.N.Y. 2010) ("Where counsel's testimony would be merely cumulative of testimony provided by others, disqualification is not appropriate."). New Jersey cases are in accord. See J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 231 (App. Div. 2006) (a lawyer's testimony regarding a letter he wrote deemed not necessary as it could be introduced through the recipient); State v. Tanksley, 245 N.J. Super. 390, 394 (App. Div. 1991) (criminal defense attorney who witnessed client's statement not a necessary witness because the statement could be introduced through another witness and there was no dispute as to statement's completeness or accuracy); Kridel v. Kridel, 85 N.J. Super. 478, 488 (App. Div. 1964) (applying prior rules to the same effect).

As the burden of establishing disqualification is on the movant, Trupos, 201 N.J. at 462-63, it will be for plaintiff to establish that specific Mazie Slater lawyers will be necessary witnesses at trial. Further, RPC 3.7 does not have an imputed disqualification provision applicable here. See RPC 3.7(b) ("A

10 A-2509-18T1

lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or RPC 1.9"); see also State v. Irizarry, 271 N.J. Super. 577, 593-601 (App. Div. 1994) (declining to disqualify an entire prosecutor's office under RPC 3.7 where one assistant prosecutor likely to be a necessary witness at penalty phase of capital murder trial); Restatement (Third) of the Law Governing Lawyers:  An Advocate as a Witness § 108 cmt. i (Am. Law. Inst. 2000) ("[c]ontemporary lawyer codes do not impute the disqualification of the advocate-witness rule to the testifying lawyer's entire firm, so long as the lawyer's testimony is not in conflict with a position of the client").

Mazie Slater will thus have no obligation to apply to have Mazie Slater lawyers, including those joining the firm after its representation of plaintiff ended, appear at trial "upon a showing that such attorneys did not have a substantial role" in the firm's prior representation of plaintiff, as the order we reverse currently provides.  The burden will instead be on plaintiff to establish disqualification of specific Mazie Slater lawyers in accordance with the standard established in RPC 3.7(a).

Finally, we address defendants' contention that they have a right to represent themselves in any phase of the case as RPC 3.7 does not apply to lawyers appearing pro se.  The Advisory Committee on Professional Ethics

11                                          A-2509-18T1

previously declined to apply Disciplinary Rules 5-101 and 5-102, the precursors to RPC 3.7, to prevent a lawyer from representing himself and his spouse in a dispute with their landlord, noting the lawyer "has the same fundamental rights in this respect as any other individual." N.J. Advisory Comm. on Prof'l Ethics Op. 343 (July 29, 1976). The ABA annotated comments provide, "[t]he rationales of the advocate-witness rule do not apply to the pro se lawyer-litigant." Annotated Model Rules of Prof'l Conduct R. 3.7. Restatement section 108, "An Advocate as a Witness," follows generally RPC 3.7. Restatement (Third) of the Law Governing Lawyers § 108. The comments to the section provide that "[a] lawyer (or any other party) appearing pro se is entitled to testify as a witness, but the lawyer is subject to the Section with respect to representing other co-parties as clients." Id. at cmt. d.

As Mazie has the same rights as other individuals in our courts, he can appear on his own behalf at trial even if he is likely to be a necessary witness.[5] See Presnick v. Esposito, 513 A.2d 165 (Conn. App. Ct. 1986) (holding lawyer-litigant may appear as both advocate and witness in action for

[5] We reject the trial court judge's conclusion that defendants' representation by counsel appointed by their malpractice carrier should change the analysis under RPC 3.7. Litigants are routinely represented by more than one lawyer in actions in our courts, often when insurance counsel is also representing a defendant as here. See, e.g., Aquino v. State Farm Ins. Cos., 349 N.J. Super. 402, 407 (App. Div. 2002). How those lawyers will function at trial is a matter left to the sound discretion of the trial judge. See N.J.R.E. 611(a).

collection of legal fees and in defense of counterclaim for malpractice in same action under Disciplinary Rules 5-101 and 5-102). Mazie Slater, however, should likewise be treated as other entities appearing in our courts. As our rules prohibit an entity, with certain exceptions not relevant here, from appearing in any action except through an attorney, Mazie Slater must likewise appear through counsel. See R. 1:21-1(c). We thus see no reason why RPC 3.7 would not apply to any lawyer through whom the firm appears, even if the lawyer is employed by the firm. Restatement (Third) of the Law Governing Lawyers § 108; cf. Segal v. Lynch, 211 N.J. 230, 260-64 (2012) (discussing rationale for not awarding fees to lawyers representing their own law firms).

Defendants' claim that the exception for testimony relating to "the nature and value of legal services" applies is without merit. RPC 3.7(a)(2) relates only to testimony about "the nature and value of legal services rendered in the case." (emphasis added). As the issue in this malpractice case is confined to the nature of the legal services provided by defendants in the underlying action, the exception is plainly not applicable. See Model Rules of Prof'l Conduct R. 3.7 cmt. 3 (noting the exception in RPC 3.7(a)(2) applies "where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered").

The September 5, 2018 order disqualifying defendants from appearing at depositions and trial pursuant to RPC 3.7 is reversed. Plaintiff is free to renew, at an appropriate time, a motion to disqualify those Mazie Slater lawyers, other than David Mazie who may appear on his own behalf, whom she can establish will likely be necessary witnesses from acting as counsel at trial in accordance with RPC 3.7 and this opinion.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2509-18T1